8860

## STATE v. GRIFFIN *ET AL.*

(82 S. E. 254.)

CRIMINAL LAW.  CONTINUANCE.  WITNESSES.  CHARGE TO JURY. . CORONER'S INQUEST.  EVIDENCE.

1. Where, on June 26th, the coroner's jury found that a person's death was caused by defendants, who were then held on the coroner's warrant as material witnesses, after a secret session to which defendants' attorney was denied admission, they were indicted for murder on July 7th, and the following day furnished the evidence and inquisition taken by the coroner, which was not filed, a motion for a continuance on July 9th, on which day the case, was set for trial, was addressed to the discretion of the trial Court, and the circumstances did not show that such discretion was erroneously exercised by denying the motion.

2. On a trial for murder, one jointly indicted with defendants, but not on trial, was a competent witness.

3. On a criminal trial, the modification of an instruction that, where the State relied upon circumstances to establish defendant's guilt, it must prove each individual circumstance so relied on to the satisfaction of the jury to a moral certainty or beyond a reasonable doubt, or that the jury must disregard any such circumstance from further consideration, by adding that the force of all circumstances was with the jury, was not erroneous; the modification not being confusing or misleading, but emphasizing the proposition that the force and effect of the testimony was to be determined by the jury.

4. A coroner's inquest is within the spirit of Const., art. I, sec. 15, requiring all Courts to be public.

5. A coroner's inquest is merely a preliminary investigation and not a trial involving the merits, and a suspected person has no right to appear by counsel and cross-examine the witnesses, as the only object of such a course would be to prevent a full investigation, in so far as it might tend to incriminate him, thus defeating the purpose of the inquest.

Before C. J. RAMAGE, special Judge, Chester, July, 1913. Affirmed.

Meeks Griffin, Thomas Griffin, John Crosby, and Nelson Brice, being convicted of murder, appeal. The following statement of facts appears in the record:

"On April 24th, 1913, Mr. John Q. Lewis, an elderly Confederate soldier, was shot and killed in his home in the nighttime, about ten miles in the country from Chester, S. C. There was no eyewitness to the tragedy, so far as known; great indignation was manifested by the citizens of the county; detectives were put to work on the case; and the officers did all in their power to bring the assassin or assassins to justice. Shortly after the homicide, a man and his wife, other than these appellants, were arrested, charged with the crime; the sheriff took them to the State penitentiary for safe-keeping because of threats of lynching; the coroner immediately impaneled a jury; and after a brief session they adjourned, and never met any more until 26th June ult., when they met and found the following verdict, after a secret session, to which appellants' attorney was denied admission: 'That the said John Q. Lewis, deceased, came to his death from gunshot wounds in the hands of Meeks Griffin, Thos. Griffin, John Crosby, and Nelson Brice, and John Stevenson, accessory before the fact.' That the defendants-appellants had been arrested and confined in the Chester county jail since June 13th ult.,

FOOTNOTE.—See *State* v. *Bowman*, 43 S. C. 108, 20 S. E. 1010, holding that preliminary investigation is not essential to validity of indictment.—REPORTER.

on a warrant issued by the coroner, alleging that each of them were material and important witnesses concerning the death of John Q. Lewis, deceased.

"On the 7th day of July, thereafter, a true bill was returned by the grand jury of Chester county, charging the said Meeks Griffin, Thomas Griffin, John Crosby, Nelson Brice, and John Stevenson, *alias* Monk Stevenson, jointly with the murder of the said John Q. Lewis, deceased, as per certified copy of the indictment filed with the case, and on that same day all five of the said defendants were duly arraigned on said indictment, each of said defendants entered their plea thereon of not guilty, and not ready for trial (John Stevenson, *alias* Monk Stevenson, was not put on trial). The Court, however, set Wednesday, the· 9th day of July, as the day for trial. The evidence and inquisition as taken by the coroner was not filed, but on Tuesday, July the 8th ult., was handed to defendants' attorney in Court, by the solicitor, and on that day defendants' attorney made a motion for continuance of the case for these four defendants-appellants, on the following affidavit: [Then follows affidavit of appellants' attorney.] Same· was refused by the Court on the following order:

" 'In the above matter I refuse a continuance. It does not occur to me that a continuance ought to be granted in the within case. The matter has been presented very ably and earnestly by Mr. Newbold.

" 'C. J. Ramage, Special Judge, Presiding.

" 'July 8, 1913.'

"On Wednesday, July 9th, case was called, and the four defendants-appellants herein were placed on trial before a jury. The case of the other defendant, Stevenson, was held up for the present by the solicitor. No other disposition being made of his case, Monk Stevenson was sworn by the State as a witness, and testified against these defendants-appellants, over objection, that he was an incompetent witness because he was a codefendant with them.

"The Court amended defendants' second request to charge by adding the words, to the end thereof, 'and the force of all circumstances are with the jury.'

"The jury returned the following verdict: 'Guilty as to Meeks Griffin, Thomas Griffin, John Crosby, and Nelson Brice.'

"A motion for a new trial was duly made by defendants, on the grounds 'that an incompetent witness, to wit, John Stevenson, *alias* Monk Stevenson, a codefendant, had been permitted to testify against them, over objection, and that there was no evidence to sustain the verdict.' Motion overruled.

"The Court then sentenced these defendants-appellants to death by electrocution on September the 26, 1913."

The following are the exceptions of the appellants:

(1) That the Court erred, it is respectfully submitted, in overruling defendants' motion for a continuance of the case. (a) Because the coroner had not filed the evidence taken at a secret session of his jury, to which appellants' attorney had been denied admission, before the true bill was found by the grand jury, and the defendants had no time to prepare their defense, after being apprised of the nature of the crime of which they were charged, and were thus denied a fair and impartial trial as contemplated by law. (b) Because the showing made justified the conclusion that a fair and impartial trial could not be given the accused at that time on account of the inflamed state of the public mind and the sentiment against any one accused of the crime.

(2) That the Court erred, it is respectfully submitted, in permitting John Stevenson, *alias* Monk Stevenson, to be sworn as a witness, and to testify against the defendants on the trial of the case, over objections, because he was a codefendant with the accused, and as such was an incompetent witness against them, and his testimony was irrelevant and incompetent.

(3) That the Court erred, it is respectfully submitted, in not charging defendants' second request to charge, and in amending same by adding, "The force of all circumstances are with the jury." (a) Because said request was a sound proposition of law applicable to the case; and (b) because the amendment was confusing to the jury, and left the impression that they could consider any circumstances that the State injected into the case, without regard to whether it was proven beyond a reasonable doubt, or not, and thus destroyed the effect of the request on the jury.

(4) That the Court erred, it is respectfully submitted, in over-ruling defendants' motion for a new trial on the grounds that an incompetent witness, to wit, John Stevenson, *alias* Monk Stevenson, a codefendant, was sworn and testified, over objection, against the defendants, and that there was no evidence to sustain the verdict, because Stevenson, a codefendant, had testified in the case, over objection, he was an incompetent witness and his testimony incompetent and irrelevant, and there was no competent evidence to sustain the verdict.

(5) That the defendants-appellants will move the honorable Supreme Court to dismiss the case or order a new trial, because there was no evidence given against them, or either of them, to justify a conviction on said charge.

*Mr. W. H. Newbold,* for appellants, submits:

In cases involving life and liberty errors of the trial Court not properly raised by exceptions may be considered *in favorem vitae:* 40 S. C. 345; 6 S. C. 462; 12 S. C. 96. Incompetent testimony as to alleged confession was erroneously admitted: 36 S. C. 532. Failure to file coroner's inquisition and evidence: Cons. 1895, sec. 30, art. 5; Civil Code 1283, 1287, 1288, 1308; Crim. Code, sec. 66. What is filing: 14 S. C. 43; 64 S. C. 338. Failure to file delayed defendants' access to testimony, and preparation to meet same. Defendants should be allowed time to meet accusation: 79 S. C. 548; 12 Cyc. 503; 1 Brev. 8; 1 Bay 1; 109 Ill. 635; 4 Enc. Pl. & Pr. 833; 6 Enc. 992. Lack of time for preparation good ground for continuance: 14 Cent. Difg., sec. 1305; 7 Iowa 347; 76 Ga. 288. Such time should be allowed after indictment found (68 Mo. 444), for no charge is pending before bill found: 2 S. C. 356; 12 S. C. 95. Abuse of discretion in refusing continuance: 77 S. C. 240; 48 S. C. 1; 33 S. C. 109. Public excitement ground for continuance: Thacher Cr. Cases (Mass.) 516; 32 Ga. 581; 79 Am. Dec. 307. New trial should be granted where lack of time for preparation affected defense: 10 Rich. 257, or when proof insufficient to sustain verdict: 11 S. C. 275; 1 Mills 29; 4 Rich. 260; 1 S. C. L. Coroner's proceedings should be public: Const. 1895, art. 5, sec. 12. Right to preliminary examination when accused of crime: Crim. Code 33; Const. 1895, art. 1, sec. 18. Due process: Const. 1895, art. 1, sec. 5. Competency of codefendant as witness: 85 S. C. 150. Degree of proof: 1 Starkie Ev. 571; 4 Elliott Ev., sec. 2713; 3 Chamberlayne Ev., sec. 1764; 66 S. C. 397; 49 S. C. 285; 35 Am. Dec. 561; 52 Am. Dec. 711; 33 Tex. Cr. App. 264; 26 S. W. 209. Modification of proper request error: 83 N. J. 643.

*Mr. Solicitor Henry,* for the State, respondent.

May 28, 1914.

The opinion of the Court, after reciting the foregoing statement of facts, was delivered by MR. CHIEF JUSTICE GARY.

The first question raised by the exceptions is whether his Honor, the presiding Judge, erred in overruling the motion for a continuance. The motion was addressed to his discretion, and it has not been made to appear that it was erroneously exercised.

It is only necessary to refer to the case of *State* v. *Kennedy,* 85 S. C. 146, 67 S. E. 152, to show that the second and fourth exceptions cannot be sustained.

The defendants' attorney presented the following request:

"That where the State relies upon circumstances to establish the guilt of the defendant, it must prove each individual circumstance, so relied on, to the satisfaction of the jury, to a moral certainty, or beyond a reasonable doubt, or the jury must disregard any such circumstance from further consideration in the case."

The Circuit Judge amended the request by adding the words "the force of all circumstances are with the jury," and then charged it. We are unable to discover any reasonable ground for supposing that the additional words might have confused or misled the jury. They were merely used for the purpose of emphasizing the proposition (about which there can be no doubt) that the force and effect of the testimony was to be determined by the jury.

It is only necessary to refer to the testimony to show that the fifth exception cannot be sustained.

Upon the hearing of the appeal, this Court was requested to rule on the question whether a coroner is authorized by law to refuse the public the right or privilege of attending an inquest and to hold it in secret, if he should be so advised.

Section 15, article I, of the Constitution, provides that "all Courts shall be public;" and a coroner's inquest comes within the spirit of that provision.

The Court was also requested to rule upon the question whether a person, in anticipation of the action of the coroner's jury, has the right to appear by counsel and to cross-examine the witnesses in behalf of his client. The proceedings are intended to be merely a preliminary investigation and not a trial involving the merits.

The only object which a suspected person could have in appearing by counsel would be to prevent a full investigation in so far as it might tend to incriminate him, and thus defeat the purpose of the inquest.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court, for the purpose of having another day assigned, for carrying into execution the sentence of the Court.

MESSRS. ASSOCIATE JUSTICES WATTS and FRASER concur in the opinion of the Court.

MR. ASSOCIATE JUSTICE HYDRICK dissents.

MR. ASSOCIATE JUSTICE GAGE did not sit in this case.