**Jose C. TAITANO, Appellant**

v.

**GOVERNMENT OF GUAM, Appellee.**

**Cr. No. 18-A.**

District Court of Guam,
Appellate Division.

Sept. 2, 1960.

Alberto Lamorena, of Reyes & Lamorena, Agana, Guam, for appellant.

Louis A. Otto, Jr., Atty. Gen., Leon D. Flores, Island Atty., Richard D. Magee, Deputy Island Atty., Agana, Guam, Government of Guam, for appellee.

Before GILMARTIN, Presiding Judge, and FURBER and DUENAS, District Judges.

FURBER, District Judge.

This is an appeal from a judgment of the Island Court of Guam in its Cr. Case No. 112–59, convicting the appellant of the offense of vagrancy in violation of Sec. 647(a) (1) of the Penal Code of Guam. The appellant raises three points:

    1. That the trial court abused its discretion in qualifying one of the

government witnesses, aged five, as a competent witness.

2. That the defendant was deprived of his right to due process of law when the court denied his motion to avail himself of a certain written police report, and

3. That the evidence is insufficient to warrant the conviction beyond a reasonable doubt.

■ The competency of a child five years old to testify is a matter resting largely in the discretion of the trial court. From the record before us, we can see no indication that the trial judge abused his discretion in this connection. It is unfortunate that the child's mother took such an active part in the inquiry as to the child's competency, but the trial judge may well have used good judgment in avoiding argument with the mother. The child appears to have told a reasonably straight-forward story, on her own responsibility, in testifying as to facts involved in the case. 58 Am.Jur. Witnesses, Sec. 136.

The appellant's second point deals with his motion for production of a written report made by a police officer who had testified for the government concerning certain very damaging statements, amounting to an oral confession, alleged to have been made to him by the defendant. In connection with this motion, counsel for the defendant stated, "At this time we invoke the Jencks case." Transcript p. 13. His reference was obviously to the case of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. Counsel indicated very clearly that he wished this report for possible use in further cross-examination of this witness who had testified as follows concerning the report:

"Q. Did you make a report now? A. Yes.

"Q. Is that report in writing, too? A. The report of the investigation.

*    *    *    *    *    *

"Q. In that report, did you quote or write in substance what the defendant allegedly told you in your conversation? A. Yes, sir." Transcript pp. 12, 13.

The trial court denied the defendant's motion for production of this report.

The appellant-defendant below claims that this report, under the circumstances disclosed, falls squarely within the doctrine enunciated in the Jencks case, supra, and that denial of defendant's motion to inspect it deprived the defendant of his right to due process of law.

The appellee-government argues that at the trial the defendant was apparently seeking his own statement as contained in a police report and that such a police report is not subject to production for the use of the defendant, either under the Jencks doctrine or under Sec. 3500 of Title 18 U.S.C. (commonly known as the Jencks Act) and that the trial court accordingly ruled properly on the defendant's motion.

We do not fully agree with the contention of either party on this matter. The Jencks case, supra, in requiring the production, under certain circumstances, of documents in possession of the government, did not purport to be stating a requirement of due process, but stated that the restriction on such production contended for in that case would "be clearly incompatible with our standards for the administration of criminal justice in the federal courts and must therefore be rejected." Jencks v. United States, supra, 353 U.S. at page 668, 77 S.Ct. at page 1013. This view is reinforced by the following statement of the Supreme Court in Palermo v. United States, 1959, 360 U.S. 343, at page 345, 79 S.Ct. 1217, at page 1221, 3 L.Ed.2d 1287:

Exercising our power, in the absence of statutory provision, to prescribe procedures for the administration of justice in the federal courts, this Court, on June 3, 1957, in Jencks v. United States, 353 U.S. 657 [77 S.Ct. 1007, 1 L.Ed.2d 1103],

decided that the defense in a federal criminal prosecution was entitled, under certain circumstances, to obtain, for impeachment purposes, statements which had been made to government agents by government witnesses.

Following the Jencks case, supra, Congress enacted what has now become Sec. 3500 of Title 18 U.S.C. defining the rules that should govern in this particular area in criminal prosecutions brought by the United States, and the Supreme Court has recognized this Congressional definition of the rules as the one now controlling. Palermo v. United States, supra, 360 U.S. at pages 347–348, 79 S. Ct. at pages 1222–1223; Rosenberg v. United States, 1959, 360 U.S. 367, 369, 79 S.Ct. 1231, 3 L.Ed.2d 1304.

While some police or investigative reports clearly do not come within the terms of the Jencks Act, the following cases show that in federal prosecutions such reports are subject to production when they meet the terms of the Act.

In Holmes v. United States, 4 Cir., 1959, 271 F.2d 635, the court described the situation there involved, in part, as follows, at pages 636–637:

"At the trial, one of the principal witnesses for the government was an FBI agent who testified at length about his investigation and about conversations he had with the defendants. The defense demanded the production of the memoranda and reports prepared by the agent during his investigation and recording its result."

The court thereafter, at page 638, discussed the application of the Jencks Act to this situation, as follows:

"The Government now contends * * * that the Jencks Act does not apply to statements prepared by a government agent who becomes a witness at the trial. In the Jencks case, itself, the defendant sought the production of FBI reports in order to obtain material with which to cross examine an FBI informer,

and clearly that was the situation which Congress had principally in mind when it enacted the Jencks Act. The written report of the agent, however, is just as much a verbatim statement of the agent, who prepares it, as a written statement of an informer, incorporated in the report, is the statement of the informer. It is a statement within the literal and evident meaning of subsection (e) of the Act. Its use to contradict the agent who prepared it in no way contravenes the policy of the Act against the use of an investigator's notes or summaries of information to contradict his informer. In Palermo v. United States, it was held that an agent's summary of information obtained from his informer was not a 'statement' within the meaning of subsection (e) of the Act when its use was sought for purposes of cross examining the informer, but nothing in that opinion suggests the same summary would not be a 'statement' within the meaning of subsection (e) of the Act when its use is sought to cross examine the agent who prepared it, the question being what information the agent actually obtained during the course of his investigation."

In United States v. O'Connor, 2 Cir., 1959, 273 F.2d 358, the court, in discussing the Jencks Act, made the following statements, at pages 360–361:

"While the government correctly asserts that the statute was intended to proscribe production of investigative reports *as such* (emphasis added), here the government has chosen to base its case on the testimony of the agents as to the results of their investigations. Where such agents have testified, it would seem clear that their reports relating to the same investigation may be obtained by the defendant."

Consequently, if this were a federal prosecution, the report in question would

have had to be produced, subject to the limitations set out in 18 U.S.C. § 3500.

■■ The District Court of Guam, in the course of the trial of Government of Guam v. Jose Q. Materne, Cr. Case No. 24–58, ruled, on February 17, 1959, that 18 U.S.C.A. § 3500 applied in the District Court of Guam in a territorial prosecution. See page 6 of the Brief for the appellee. As a matter of sound principle and in the interest of fair and equal treatment of all those accused of crime in the courts of Guam, this court adopts the doctrine of the Jencks case, supra, as refined and restated in the Jencks Act, as part of the law of evidence of Guam. It is reassuring, in this connection, to note that a number of state courts have followed either the Jencks decision or the Jencks Act as a proper step in the development of fair treatment of those accused of crime. People v. Chapman, 1959, 52 Cal.2d 95, 338 P.2d 428; State v. Hunt, 1958, 25 N.J. 514, 138 A.2d 1; 2 Underhill, Criminal Evidence, note 47q, Sec. 501A (1960 Supp. to 5th ed., Herrick, 1960)

The conviction in this case depended, in large part, upon the testimony of the police officer in connection with whose cross-examination the defendant requested the report referred to above. The very purpose of allowing such production is to insure that the true facts are fairly presented to the court. As stated by the Supreme Court of the United States in Jencks v. United States, supra, 353 U.S. at page 667, 77 S.Ct. at page 1013:

> "Every experienced trial judge and trial lawyer knows the value for impeaching purposes of statements of the witness recording the events before time dulls treacherous memory. Flat contradiction between the witness' testimony and the version of the events given in his reports is not the only test of inconsistency. The omission from the reports of facts related at the trial, or a contrast in emphasis upon the same facts, even a different order of treatment, are also relevant to the cross-examining process of testing the credibility of a witness' trial testimony."

We therefore hold that the trial court should have granted the defendant's motion, subject to the terms of the Jencks Act.

As the record now stands, the evidence is, in our opinion, sufficient to support conviction, but it is impossible to tell how this may be affected by further cross-examination after the report in question is made available.

The finding and sentence of the Island Court are therefore set aside and the case remanded to that Court for a limited new trial, in accordance with this opinion, subject to the following instructions:

The judge who originally heard the case is to reopen the trial and proceed as follows:

a. Grant the defendant's motion for production of the report in question, subject to the terms of 18 U.S.C. § 3500.

b. Permit the defendant to continue his cross-examination of officer Gregorio R. Guerrero.

c. Then proceed with the trial as if it were being resumed after a continuance granted before the prosecution had rested.

d. Upon completion of the trial, render a new judgment based on all the evidence, including that presented before this appeal, without its being reintroduced.