17826

STATE, Respondent, v. Willie Sam RANDOLPH *et al.*, Appellants

(121 S. E. (2d) 349)

*Messrs. Jenkins & Perry,* of Columbia, *Donald James Sampson,* of Greenvile, *William W. Bennett,* of Florence, *Ernest A. Finney, Jr.,* of Sumter, and *Jack Greenberg,* of New York, N. Y., *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia,

and *R. Kirk McLeod, Solicitor,* and *G. Werber Bryan,* of Sumter, *for Respondent,*

August 23, 1961.

PER CURIAM.

The twenty-six appellants were convicted in the Magistrate's Court of "conspiring to breach the peace." Each was sentenced to pay a fine of $100.00 or to imprisonment for a period of thirty days. Their conviction was sustained by the Circuit Court. On the appeal here, they raised four questions but the only one we need decide is whether the Court erred in refusing a motion at the commencement of the trial to require the State to make the warrant more definite and certain by alleging facts which would enable appellants to understand the nature of the offense with which they were charged.

No indictment is required in the Magistrate's Court. Section 17-401 of the 1952 Code; *State v. Langford,* 223 S. C. 20, 73 S. E. (2d) 854. Here, as is customary, appellants were tried on a warrant which was based on an affidavit of the Sheriff of Sumter County. In this affidavit he avers that "on or about the 4th day of March, 1960, and at divers times before and since," appellants "did combine, confederate and conspire, together one with the other, to commit a breach of the peace, in the City and County of Sumter, State of South Carolina, against the form of the statute in such case made and provided and against the peace and dignity of the said state." In the warrant issued by the Magistrate it is charged that appellants "did commit the offense of Conspiracy to Breach the Peace, all of which is against the form of the statute in such case made and provided, and against the peace and dignity of the State."

When the case was called for trial, appellants moved "to dismiss the warrant and to quash the information on the ground that on its face it does not plainly and substantially set forth the offense charged." This motion was refused. Counsel for appellants then again stated to the Court that the charge was entirely too vague, indefinite and general to enable their clients to make a proper defense and moved that the State be required to amend it so as to set out more particularly the manner and means by which the alleged offense was committed. This motion was likewise refused and the only amendment made was to add, with respect to the time of the offense, the words "the exact date being unknown to the State."

In determining whether appellants were sufficiently informed of the charge they were required to meet, it will be helpful to first consider the elements of the offenses named in the warrant. In *State v. Ameker,* 73 S. C. 330, 53 S. E. 484, 487, the Court stated that conspiracy "is rather described than defined, and the description which seems to have the widest recognition and approval by the authorities declares a criminal conspiracy to consist of a combination be-

tween two or more persons for the purpose of accomplishing a criminal or unlawful object, or an object neither criminal nor unlawful by criminal or unlawful means." This definition has been approved in several later cases. *State v. Davis,* 88 S. C. 229, 70 S. E. 811, 34 L. R. A., N. S., 295; *State v. Hightower,* 221 S. C. 91, 69 S. E. (2d) 363. In 1957 a statute was enacted defining the offense as follows: "The crime known to the common law as conspiracy is hereby defined as a combination between two or more persons for the purpose of accomplishing a criminal or unlawful object, or an object neither criminal nor unlawful by criminal or unlawful means." 50 St. at L. 58, Section 16-550 of the 1960 Cumulative Supplement to the 1952 Code. This statutory definition was referred to in the recent case of *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735.

Breach of the peace is a common-law offense which is not susceptible of exact definition. It is a generic term, embracing "a great variety of conduct destroying or menacing public order and tranquillity." *Cantwell v. State of Connecticut,* 310 U. S. 296, 60 S. Ct. 900, 905, 84 L. Ed. 1213, 128 A. L. R. 1352. The following is quoted with approval in *Lyda v. Cooper,* 169 S. C. 451, 169 S. E. 236, 238: "In general terms, a breach of the peace is a violation of public order, a disturbance of public tranquillity, by any act or conduct inciting to violence." Also, see *State v. Langston,* 195 S. C. 190, 11 S. E. (2d) 1.

Article 1, Section 18 of the Constitution of this State provides that in all criminal prosecutions the accused shall have the right "to be fully informed of the nature and cause of the accusation." Section 43-111 of the 1952 Code is in conformity with this constitutional mandate. It reads: "All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue." Section 43-112 provides: "The information may be amended at any time before trial."

Proceedings before a magistrate are summary in nature. Section 43-113 of the 1952 Code. His jurisdiction to try criminal cases is confined to minor offenses. Many of our magistrates are without legal training. In the preparation of warrants they are not required to conform to the technical precision required in indictments. *Duffie v. Edwards*, 185 S. C. 91, 193 S. E. 211. But it does not follow that the accused may be denied those fundamental rights essential to a fair trial, among which is the right to be informed of the nature of the offense charged against him. In *McConnell v. Kennedy*, 29 S. C. 180, 7 S. E. 76, 80, the Court stated that the manifest object of the statute now forming Section 43-111 of the 1952 Code was "to require that the offense with which a party was charged should be so set forth, 'plainly and substantially,' as would enable the party accused to understand the nature of the offense with which he was charged, so that he might be prepared to meet the charge at the proper time." In *Town of Honea Path v. Wright*, 194 S. C. 461, 9 S. E. (2d) 924, 927, the Court said: "Without doubt, the administration of the law, and the rights of persons charged with crime can best be served by a due observance of statutory requirements. It is the constitutional right of a person charged with a criminal offense to be fully informed of the nature and cause of the accusation. Article I, Section 18 of the Constitution." In *Town of Mayesville v. Clamp*, 149 S. C. 346, 147 S. E. 455, 457, Justice Blease, later Chief Justice, stated in a concurring opinion: "While an accused may be arrested on a warrant that does not fully inform him of the nature and cause of the accusation, he may, when he is brought to trial, demand the information he is entitled to have under the provisions of Section 18 of Article 1."

While the warrant here was not void, we think it was defective in that the charge was entirely too general. All that can be found in the affidavit and warrant is the designation of the offense by name, which is a mere legal conclusion. No facts constituting the alleged of-

fense are stated. No particularity is given as to the contemplated crime. As previously pointed out, breach of the peace embraces a variety of conduct. Just what type of conduct is it claimed that appellants agreed to engage in which would menace public order and tranquillity? What did they conspire to do which was calculated to provoke violence? We think the Court erred in not requiring the State to make the charge more definite and certain by giving such information as would enable appellants to understand the nature of the offense named in the warrant.

The sentences imposed by the Magistrate are set aside, the order of the Circuit Judge is reversed, and the case is remanded for a new trial as to all appellants.