## 17995

CITY OF SUMTER, Respondent, v. Marvin McALLISTER, Frances DuBose, May-Frances Moultrie, Rogers LaVerne Robinson and James Charles Levy, Jr., Appellants. CITY OF SUMTER, Respondent, v. Eddie DRUMMOND and Herman K. Harris, Jr., Appellants. CITY OF SUMTER, Respondent, v. Ivor G. MOORE, Appellant. CITY OF SUMTER, Respondent, v. Peter PINCKNEY, Frank LeGren, Jr., Raymond Gadsden (Godsdell), Erthley Witherspoon, Phyllis Gates, LeRoy Sanders, Elijah King, Ronnie Lewis, and Anna L. Inabinet, Appellants. CITY OF SUMTER, Respondent, v. Barbara CAMPBELL et al., Appellants.

(128 S. E. (2d) 419)

*Messrs. Jenkins & Perry,* of Columbia, *Ernest A. Finney, Jr.,* of Sumter, and *William W. Bennett,* of Florence, *for Appellants,*

*Messrs. C. M. Edmunds,* of Sumter, and *Daniel F. Mc-Leod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, *for Respondent,*

November 28, 1962.

LEWIS, Justice.

The appellants, forty-two Negro students, were convicted in the Recorder's Court for the City of Sumter, South Carolina, of the crime of breach of the peace. Their convictions were sustained on appeal to the circuit court and appeal to this Court followed.

The cases, although involving 16 different warrants, were disposed of in the Recorder's Court in five separate trials, with five separate appeals to this Court. Because the same basic facts and issues are involved in all of them, they were consolidated for argument and we have concluded that they may be properly disposed of in the same opinion.

While several questions are presented, we need only consider one, namely: Was any evidence presented to sustain the conviction of appellants for a breach of the peace?

The testimony is not in dispute. The record shows that, on the various dates covered in the warrants, the appellants in small groups entered several business establishments in the City of Sumter where lunch counters and soda fountains were operated, seated themselves in booths or at lunch counters reserved, by custom, for service to white persons only and sought service to them of food and drinks. They were ordered to leave by the proprietors in each instance because of the custom of the establishment of providing the service demanded to only white people. The appellants refused to leave. They were then arrested and chargd with breach of the peace.

We have had occasion in recent cases to review the law relative to the crime of breach of the peace. *State v. Randolph et al.,* 239 S. C. 79, 121 S. E. (2d) 349: *State v. Edwards et al.,* 239 S. C. 339, 123 S. E. (2d) 247; and *State v. Brown et al.,* S. C., 126 S. E. (2d) 1. Repetition of those principles of law is unnecessary here. The record in these cases, viewed in the light of the applicable legal principles,

fails to disclose any evidence to sustain the conviction of these defendants for breach of the peace.

In no instance does it appear that any of the appellants committed any acts of violence. Large crowds of people were not involved and there was no interference with normal traffic. There was no boisterous conduct of any kind, and no threatened violence from any source.

We have had occasion to pass upon similar facts, as here involved, under a charge of trespass. *City of Greenville v. Peterson et al.,* 239 S. C. 298, 122 S. E. (2d) 826; *City of Charleston v. Mitchell et al.,* 239 S. C. 376, 123 S. E. (2d) 512; *City of Columbia v. Barr et al.,* 239 S. C. 395, 123 S. E. (2d) 521; and *City of Columbia v. Bouie et al.,* 239 S. C. 570, 124 S. E. (2d) 332. Such is not the charge, however, in these cases.

Reversed and remanded for entry of judgment for appellants.

TAYLOR. C. J., and MOSS and BRAILSFORD, JJ., concur.

BUSSEY, J., did not participate.