## 18001

CITY OF ROCK HILL, Respondent, v. Leroy HENRY et al.,
Appellants

(128 S. E. (2d) 775)

*Messrs. Donald James Sampson,* and *Willie T. Smith, Jr.,* of Greenville, and *Jenkins & Perry,* of Columbia, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, and *George F. Coleman, Solicitor,* of Winnsboro, and *Spencer & Spencer,* of Rock Hill, *for Respondent,*

December 7, 1962.

TAYLOR, Chief Justice.

Appellants here are sixty-five Negroes who were arrested March 15, 1960, and convicted by the City of Rock Hill, South Carolina, of the common law offense of breach of peace.

The record reveals that on the day in question all of those arrested were engaged in singing patriotic and religious songs in a loud and boisterous manner in the City of Rock Hill; that the crowd assumed such proportions that it spread from the sidewalk into the street; that tension was present in the community resulting from previous demonstrations and threats of bombings had been made; that the singing was done in such loud and boisterous manner that work in the City Hall was completely disrupted. This demonstration had been going on from 25 to 30 minutes before they were forewarned by police officers to desist from further demonstrations. They failed and refused to comply with the request of the police and were arrested and charged with breach of peace.

"In general terms, a breach of the peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence * * *, it includes any violation of any law enacted to preserve peace and good order. It may consist of an act of violence. It is not necessary that the peace be actually broken to lay the foundation for a prosecution for this offense. If what is done is unjustifiable and unlawful, tending with sufficient directness to break the peace, no more is required. Nor is actual personal violence an essential element in the offense * * *.

"By 'peace', as used in the law in this connection, is meant the tranquility enjoyed by citizens of a municipality or community where good order reigns among its members, which is the natural right of all persons in political society." 8 Am. Jur. 834, Section 3; *State v. Edwards*, 239 S. C. 339, 123 S. E. (2d) 247. See also *State v. Brown*, 240 S. C. 357, 126 S. E. (2d) 1; *City of Sumter v. McAllister*, S. C., 128 S. E. (2d) 419; *City of Sumter v. Lewis*, S. C., 128 S. E. (2d) 684.

Appellants in their brief contend principally that they were discriminated against because they were Negroes; second, that there was no breach of peace in that what they were doing was not within itself unlawful.

Appellants were not convicted under a statute designed to perpetuate segregation but were convicted of the common law offense of breach of peace, and this applies to any person irrespective of race. The singing of patriotic songs and religious hymns is, of course, not unlawful if done in a lawful manner, but even such praiseworthy acts may be done at a time and place and in such manner as to be unjustifiable and unlawful resulting in a breach of the peace. There is ample evidence here to support the conclusion that the police acted in good faith to maintain the public peace, to assure the availability of the streets for their primary purpose of usage by the public, and to maintain order in the community.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed; and IT IS SO ORDERED. Judgment affirmed.

MOSS, LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., did not participate.