18001

CITY OF ROCK HILL, Respondent, v. Leroy HENRY *et al.*, Appellants

(135 S. E. (2d) 718)

*Messrs. Jenkins & Perry,* of Columbia, and *Donald James Sampson* and *Willie T. Smith, Jr.,* of Greenville, *for Appellants.*

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, and *George F. Coleman, Solicitor,* of Winnsboro, and *Spencer & Spencer,* of Rock Hill, *for Respondent.*

November 15, 1963.

PER CURIAM.

The convictions of the defendants of the common law crime of breach of peace in this case have been vacated by an order of the United States Supreme Court and the cause remanded to us for reconsideration in the light of its decision in the case of *James Edwards, Jr., et al., Petitioners v. State of South Carolina.* 372 U. S. 229, 83 S. Ct. 680, 9 L. Ed. (2d) 697. Recognizing the power and authority of the United States Supreme Court to reverse a State conviction for proper reasons or grounds based on the provisions of the Federal Constitution, we have endeavored to carry out the mandate of the United States Supreme Court and find that the light, if any, shed upon instant case by the *Edwards case* is not readily or easily discernible.

Following the decision in the *Edwards case,* the United States Supreme Court, in a mandate similar to the one in instant case vacated the judgments in *State v. James Fields, et al.,* 372 U. S. 522, 83 S. Ct. 887, 9 L. Ed. (2d) 965, and ordered us to reconsider our judgments in those cases, in the light of Edwards. We then assiduously tried to analyze, in the hope of understanding, the reasoning of the majority opinion in the *Edwards case* delivered by Mr. Justice Stewart wherein he stated: "The state courts have held that the petitioners' conduct constituted breach of the peace under state law,,and we may accept their decision as binding upon us to

that extent." We would like to point out that the "state law" referred to is merely the common law of England adopted in South Carolina as one of the original states.

Considering the foregoing statement alone, in connection with the result reached, one might arrive at the conclusion that the holding of the court was to the effect that a person has a right to commit the common law crime of breach of peace so long as one is engaged in the exercise of rights protected by the First Amendment to the United States Constitution. The same rights are fully protected by Article I, Section 4, of the Constitution of South Carolina.

We, however, did not arrive at so narrow a construction of the opinion of the court. After careful study and close scrutiny of the opinion, we arrived at the view that the holding of the court was simply as follows:

That wherever rights protected by the First Amendment are involved, it becomes the duty of the United States Supreme Court to review the entire record and all of the circumstances to determine for itself in each individual case, depending on the facts and circumstances of the particular case, whether the First Amendment to the United States Constitution requires the United States Supreme Court to set aside a conviction for breach of peace, such conviction being otherwise fully supported by the evidence and binding upon the United States Supreme Court.

To state our construction of the holding of the court in another way is as follows: that wherever there is involved a conflict between the power and duty of the state to maintain law, public order and peace, to prevent violence and to punish for breach of peace, on the one hand; and the assertion of constitutional rights by an individual, on the other hand, it becomes the duty of the United States Suprtme Court to consider all the facts and circumstances involved in each case and, depending on the facts and circumstances of the particular case, determine which right shall prevail.

Whether our construction of the opinion was correct or not, it seems clear that the United States Supreme Court,

after conceding that the decision of this court to the effect that the conduct of the defendants constituted the common law crime of breach of peace was binding upon it, then proceeded to, review the evidence and concluded, on the basis of such facts as were recited in the opinion, that the convictions should be set aside as violative of the rights guaranteed to the petitioners by the First Amendment. As to any matter of law, or construction of the Constitution, we saw nothing in the Edwards opinion which would change the law on the subject as laid down in *Cantwell v. Connecticut,* 310 U. S. 296, 60 S. Ct. 900, 84 L. Ed. 1213.

In our view of the court's opinion in *Edwards,* we did not then and do not now regard that case as a precedent requiring that court or this court to set aside convictions, in other breach of peace cases, unless the facts be more or less parallel to the facts in the *Edwards case,* since it seems clear to us that the decision of the court in that case was based on such facts as were recited in the majority opinion. We feel it not at all amiss to point out that additional facts, not mentioned in the majority opinion, were brought out in the dissenting opinion of Mr. Justice Clark.

In the light of our understanding of the *Edwards case* we proceeded to consider the facts in the case of *State v. Fields, et al.,* 240 S. C. 366, 126 S. E. (2d) 6, in comparison with the facts in the *Edwards case.* As the record, if considered, will show quite clearly, the conduct of the various defendants in the *Fields case* was much more grossly violative of the public peace, order and tranquillity than was the conduct of the defendants in Edwards. This we think is quite true, whether one considers the facts in *Edwards* as stated by Mr. Justice Stewart, or as stated by Mr. Justice Clark. Thus, in our view of the opinion the *Edwards case* was not a precedent for setting aside the convictions in the *Fields case.*

Accordingly, in view of the totally different facts, so much more grossly violative of the public peace, order and tranquillity, we, in the *Fields case,* reaffirmed the convictions

based upon the reasoning and the identical facts reflected in our opinion in the companion case of *State v. Brown,* 240 S. C. 357, 126 S. E. (2d) 1.

In spite of the totally different state of facts in the *Fields case,* the United States Supreme Court has now, without any discussion of these totally different facts, without any reference to the record, and without any reference to *State v. Brown, supra,* simply reversed the convictions in very terse language. (Opinion filed October 21, 1963.) 375 U. S. 44, 84 S. Ct. 149, 11 L. Ed. (2d) 107.

This latter action by the United States Supreme Court is not at all in accord with our interpretation of its opinion in the *Edwards case* and at least raises grave doubt as to whether our interpretation of that opinion is correct. Nevertheless, we do not know what other interpretation to put upon it as we are unwilling to believe that the United States Supreme Court meant by these two decisions, that is *Edwards* and *Fields,* to hold that one has an absolute right to commit a breach of peace, provided one is engaged at the time in the exercise of a right protected by the First Amendment to the United States Constitution. If one has an absolute right to commit that crime, while so engaged, it would seem to follow that one would have the right to commit other more grievous crimes while so engaged. Since we cannot believe such to be the view of the United States Supreme Court, we approach the reconsideration of this case in the light of our original interpretation of the *Edwards* decision. We have reviewed the facts in this case, which we find more aggravated than those in the *Edwards case,* and conclude that there is nothing in the *Edwards case* to require a reversal of instant case. Therefore;

We adhere to and reinstate the judgment of this Court rendered December 7, 1962, 241 S. C. 427, 128 S. E. (2d) 775 for the reasons stated therein.