Will JONES, Appellant,

v.

PEOPLE OF the STATE OF CALIFOR-
NIA, Lawrence E. Wilson, Warden,
Appellees.

No. 20468.

United States Court of Appeals
Ninth Circuit.

Aug. 11, 1966.

Rehearing Denied Sept. 21, 1966.

Will Jones, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before POPE, MERRILL and BROWNING, Circuit Judges.

POPE, Circuit Judge:

The appellant Jones is confined in the State Penitentiary of California which is under the control of the appellee Warden. On July 3, 1962, he was found guilty of a charge of second degree murder filed in a Superior Court of California and sentenced to serve for a term prescribed by law. His petition for writ of habeas corpus filed in the Supreme Court of California October 26, 1964 was denied. Thereafter he filed a petition for writ of habeas corpus in the United States District Court which petition was denied. His certificate of probable cause was granted by the District Court and his appeal from the denial of his petition is before us.

■ His first contention here is based upon the fact that at appellant's trial his counsel by stipulation agreed that the trial judge might read the record of preliminary examination testimony of a prosecution witness who was unavailable at the time of trial and at the same time appellant's counsel made no objection to the court's reading of the coroner's autopsy report. Jones relies upon Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. That case is not in point here for there the testimony of a prosecution witness at the preliminary hearing was received and introduced at the trial over the objection of defense as evidence against the accused. In that case the defendant had been without counsel at the time the prosecution witness testified at the preliminary hearing and no attempt had been made to cross-examine him. The Court said: "The case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine. Compare Motes v. United States, supra, 178 U.S. [458] at 474, 20 S.Ct. [993] 999, [44 L.Ed. 1150]. There are other analogous situations which might not fall within the scope of the constitutional rule requiring confrontation of witnesses." (p. 407, 85 S.Ct. p. 1069)

In the case now before us there is no claim that the appellant was not represented by counsel at the preliminary hearing.[1] We think the record fails to show a situation comparable to that which existed in Pointer v. State of Texas, supra. Being represented by counsel at the preliminary hearing there had been full opportunity to cross-examine that witness whose testimony was later presented to the court through a transcript of the preliminary hearing. In other words, this comes within the exception mentioned in the Pointer case which referred to a case where "petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine."

Furthermore, the appellant's brief discloses the arrangement made when it was stipulated that the court might read that portion of the transcript of the preliminary hearing which contained the testimony of the absent witness. The brief shows that the stipulation was to the effect that if the transcript be so used either party had the "right to cross-examine any witness who had testified". If, therefore, the defense desired to

---

1. In fact Jones discloses in his reply brief that he had an attorney on the second day after being arrested, (he complains that the attorney did not consult him for a sufficient length of time) and then alludes to "proceedings in the Municipal Court" after which he was in the Los Angeles County jail for three months. This period he recites was from April 4, 1962 until July 17, 1962.

cross-examine the absent witness, it would have been incumbent upon defendant or his counsel to have asserted the right thus reserved for cross-examination and to have sought a continuance of the case to permit the absent witness to be produced.

■ Appellant asserts a similar complaint about his counsel's agreement to permit the court to read the coroner's autopsy report. Appellant attempts to make a point of fact that the coroner did not testify at the preliminary hearing. This, we think, is of no consequence here for the appellant's petition for the writ discloses by quoting a portion of that testimony that the coroner testified at the trial in the Superior Court. If cross-examination with respect to the coroner's autopsy report was desired, the presence of the coroner as a witness afforded the appellant all the opportunity for cross-examination that he could possibly desire.

We hold that the court below was correct in finding that the appellant's complaint about his counsel's waiver of objection to the reading of the witness's testimony and his failure to object to the court's reading of the coroner's autopsy does not constitute any basis for relief in this case.

■ Other points sought to be made by the appellant are likewise without merit. He asserts that the prosecution witness committed perjury and that this is made plain from the contradictions shown in the record to have been made by the witness referred to. Apparently appellant wants us to find that those portions of the witness's testimony adverse to the appellant were false and perjurious. This does not present any federal question as it was for the trial judge making findings of fact with respect to the appellant's guilt to determine what portions of the witness's testimony was to be believed. There is no allegation that perjured testimony was introduced by the prosecution with knowledge of its falsity.

Again appellant asserts that he was denied adequate representation of counsel because of the manner in which his counsel made the waiver and failed to make the objections previously referred to. Our decision in Brubaker v. Dickson, 9 Cir., 310 F.2d 30, 37, is a complete answer to this contention.

■ Finally, appellant states that the case of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, should have been applied in his case and that since he had not been furnished counsel when he made certain admissions of prejudicial statements which were proven at the trial he was denied those rights which Escobedo decided belonged to an accused person charged with crime in a state court. He acknowledges that the Supreme Court of California has held that the doctrine of the Escobedo case, as reflected in People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361, cannot be applied retroactively. He contends that notwithstanding all proceedings in the state courts in connection with his prosecution were concluded before the Escobedo decision, yet he was entitled to have the rule of that case applied here. He asserts that to refuse to apply the Escobedo rule in his case while applying it in the Escobedo and other cases operates to deny the appellant the equal protection of the law. That this contention has no basis whatever is made plain by the decision of the Supreme Court in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966) which held that the rule of the Escobedo case affects only those cases in which the trial began after June 22, 1964.

The judgment of the court below is affirmed.