Joseph Raymond **WEBSTER**,
Petitioner,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary,
Respondent.

Misc. No. 6557–N.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 12, 1968.

Joseph Raymond Webster, pro se.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, Richmond, Va., for respondent.

## MEMORANDUM ORDER

KELLAM, District Judge.

Petitioner asserts that at his trial before the Court without a jury in the Corporation Court of Norfolk, Virginia, upon charges of (1) rape and (2) malicious wounding, "he was denied due process of law by the admission into evidence of the testimony of a witness whose testimony was incompetent" because it was not shown she understood "the meaning or consequence of an oath, whose testimony was contradictory and inherently incredible, and whose testimony was * * * partly founded upon the prompting and coaching of others." The record and transcript of the evidence of the state court trial has been filed with this Court.

Petitioner was charged with carnally knowing Diane Marie Johnson, a female of the age of 8 years, and (2) making a malicious assault upon her. The infant was petitioner's stepdaughter. The circumstances of the offense are fully established by the evidence presented, before the trial court. The infant was examined fully as to her qualifications to understand the sanctity of an oath. The trial court ruled she was qualified to testify.

It is the duty of the trial judge to determine the competency of a child to testify. The determination rests largely within his discretion and his exercise of such discretion will not be disturbed unless the error is plain. The trial judge should consider the child's age, intelligence or lack of intelligence, and sense of moral and legal responsibility. There is no fixed age at which a child must have arrived in order to be a competent witness. A child is competent to testify if it possesses the capacity to observe the events, to recollect and communicate them, has the ability to understand questions and to make intelligent answers with an understanding of the duty to speak the truth. Wheeler v. United States, 159 U.S. 523, 524, 16 S.Ct. 93, 40 L.Ed. 244;[1] Pocatello v. United States, 394 F.2d 115 (9th Cir. 1968);[2] Doran v. United States, 92 U.S. App.D.C. 305, 205 F.2d 717 (1953), cert. denied 346 U.S. 828, 74 S.Ct. 49, 98 L.Ed. 352; Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292; West v. Sinclair Refining Co., 90 F.Supp. 307 (D.C.Mo.1950);[3] Taitano v. Government of Guam, 187 F.Supp. 75 (D.C.Guam 1960); Davis v. Commonwealth, 161 Va. 1037, 171 S.E. 598; Cross v. Commonwealth, 195 Va. 62, 77 S.E.2d 447, 448; Kiracofe v. Commonwealth, 198 Va. 833, 97 S.E.2d 14, 18;[4] Hepler v. Hepler, 195 Va. 611, 79 S.E.2d 652; Wigmore on Evidence, 3d Ed., Infancy, sec. 506, p. 596; 5 Jones Commentaries on Evidence, 2d Ed., Competency of Witnesses, sec. 2106, p. 3953; 70 C.J., Witnesses, secs. 121, 122, pp. 91–94; 97 C.J.S. Witnesses § 56; 20 Mich.Jur., Witnesses, sec. 9, p. 423.[5]

1. 5½ year old boy permitted to testify in homicide case.

2. 5 year old rape victim and her 7 year old sister permitted to testify.

3. 6 year old child permitted to testify.

4. 6 year old rape victim and another 9 year old child permitted to testify.

5. In Wheeler v. United States, 159 U.S. 523, 524, 16 S.Ct. 93, the Court said:
   That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness is clear. While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the

The contention here raised was raised in the Supreme Court of Appeals of Virginia, and it found no merit in petitioner's contention.

■ In Cross v. Commonwealth, supra, the Court held that the fact "a child was held to be incompetent at the time of the first trial is not of itself an adjudication of its continued incompetency to testify concerning events that occurred prior to its becoming competent" (numerous cases cited). Generally, the "competency or incompetency of a child must be determined as of the date the child is offered as a witness and not at the time the incidents testified to occurred."

What was said in Kiracofe v. Commonwealth, supra [97 S.E.2d 14, 21] is applicable to the case at bar, namely:

> The case was heard by an able and experienced trial judge, who saw the witnesses face to face and heard all of the statements of the prosecutrix and her cousin. He had the opportunity of judging, from their demeanor on the stand and their answers, the degree of their intelligence, their mental capacity to understand the questions asked them, their ability to remember and recite the happenings in question, and their sense of moral responsibility to tell the truth; and there is nothing in the record to indicate that he erred in permitting their testimony to be considered by the jury.

Here, the child was eight years of age at the time she testified. She testified to the occurrence which clearly established the elements of the offenses charged. Contrary to petitioner's contentions, the evidence does not establish the infant was coached, schooled or told as to how to testify, nor is her testimony contradictory. There was nothing incredible or improbable about the events related by her. The weight and credibility of her testimony was for the trier of the facts.

■ The sufficiency of the evidence was for the trier of the facts. "[A]llegations of insufficiency of the evidence and incompetency of a minor witness are clearly not matters which are reviewable by writ of habeas corpus in the federal courts." Fernandez v. Klinger, 346 F.2d 210, 211 (9th Cir. 1965). It was for the trial judge "making findings of fact with respect to the appellant's guilt to determine what portions of the witness's testimony was to be believed." Jones v. People of State of California, 364 F.2d 522, 524 (9th Cir. 1966). Alleged contradictions of the prosecution witness are for the trial court. 364 F.2d 522, 524. Insufficiency and admissibility of the evidence to convict "is not reviewable by writ of habeas corpus in the federal courts." Fulford v. Dutton, 380 F.2d 16, 17 (5th Cir. 1967). In Grundler v. State of North Carolina, 283 F.2d 798, 801 (4th Cir. 1960), after ruling the Court felt the transcript of the trial demonstrated the evidence was sufficient for a conviction, the Court said:

> Even if we entertained doubts about this, there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy

---

trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be

photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities.

in a federal court on a writ of habeas corpus.

And continuing at page 802, the Court said:

> The points made in the present proceeding all pertain to state law, and in the context of the trial we find no indication of fundamental unfairness. We express no opinion as to the state court's resolution of the issues raised. Even if we were to disagree, we could not intervene by habeas corpus, when the alleged errors are of a character that cannot reasonably be said to involve a deprivation of constitutional rights. Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal.

The *Grundler* case, supra, was followed by Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir. 1962), with use of the language quoted above, and the statement that even if that Court disagreed with state court's determination of the elements of premeditation and deliberation in a homicide case, it could not "intervene by habeas corpus when the alleged error is of a character that cannot reasonably be said to involve a deprivation of constitutional rights." And continuing, the Court said: [page 871]

> The question presented is a question of the state law of homicide, and however difficult it may be to resolve in terms of logic, it is a matter for state determination. In the context of the trial we find no indication of fundamental unfairness.

In the case at bar the "testimony for the state, accepted by the trier-of-facts as true, was quite sufficient to make out the offense . . . [and] meets the constitutional standard we must apply." Stevens v. Warden, Maryland Penitentiary, 382 F.2d 429, 431 (4th Cir. 1967).

Hence, the petition is dismissed.

Petitioner may appeal in forma pauperis by giving the required notice and proceeding according to law. For the reasons set out above, a certificate of probable cause is denied.

The Clerk will send copies of this order to the Attorney General of Virginia and the defendant.