Therion **FRIERSON**, Petitioner,

v.

The **STATE OF SOUTH CAROLINA, FLORENCE COUNTY**, South Carolina, et al., Respondents.

Civ. A. No. 70–342.

United States District Court,
D. South Carolina,
Columbia Division.

June 26, 1970.

Therion Frierson pro se.

Daniel R. McLeod, Atty. Gen., and Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondents.

## OPINION and ORDER

DONALD RUSSELL, District Judge.

This petitioner is a State prisoner, serving a twenty year sentence imposed following conviction of voluntary manslaughter upon an indictment charging murder. He seeks relief in *habeas corpus* from this Court. He has heretofore filed a petition in State Court but such petition has not been acted upon. In his petition to this Court, he states that he has no intention of seeking relief under the South Carolina Post-Conviction Act (Sections 17–601, et seq., Code of Laws of South Carolina, 1962), declaring that such Act is unconstitutional. A rule was issued on the basis of his petition. The respondent failed to make return within the required time. However, on review of the petition, it was apparent on the face thereof that the petitioner was not entitled to relief. Without dismissing the petition forthwith, this Court entered an order granting the petitioner leave to supplement his petition with other facts, if any were available to him, which might warrant relief in his favor and authorizing the respondent to make return thereto. The petitioner has filed an amendment. The respondent made return thereto and filed along with such return the transcript of the petitioner's trial.

In his amended petition, the petitioner restates his basic contention that the absence of an arrest warrant invalidates his indictment, trial and conviction and entitles him to release. In support he relies on State v. Randolph (1961) 239 S.C. 79, 121 S.E.2d 349. The cited case involved a trial in Magistrate's Court, where the warrant serves the function of an indictment. The Court held that the warrant in such a case should advise the accused as definitely as an indictment of the offense of which he was charged and found that the warrant in that case did not meet such requirement. In the petitioner's case, however, he was tried in the Court of General Sessions on an indictment, returned by a properly constituted Grand Jury. Such indictment advised the petitioner of the offense of which he was charged. There is no contention that the indictment was defective in failing properly to advise the petitioner of the crime with which he was charged. Of course, if the indictment had been open to the same attack as the warrant in the *Randolph Case*, i. e., that it failed properly to advise the accused of the crime charged against him, it would have been open to the petitioner to have raised such point at trial and *Randolph* would have had some relevancy. That was not done and, since petitioner was represented by able counsel, it must be assumed there was no basis for such position.

In this particular case, for the reasons stated in my earlier order herein, defects in arrest procedure, which, did not prejudice the accused on trial—especially if not raised at trial [1]—"do not constitute grounds for relief in *habeas corpus*". In his earlier petition, the petitioner, also, referred to the fact that at the coroner's inquest he did not have an opportunity to confront all the witnesses subsequently called by the

1. See, McMann v. Richardson (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (dated May 4, 1970).

prosecution at his trial. A coroner's inquest is not, however, a trial but merely a preliminary investigation to determine whether any one should be held for grand jury action; it is not intended to provide an accused with a full array of the witnesses that may later be called at his trial if, as a result of the inquest, he is held. See State v. Griffin (1914) 98 S.C. 105, 111, 82 S.E. 254, Ann.Cas. 1916D, 392. The petitioner's right of confrontation comes into existence at his trial and that right the petitioner was fully accorded at his trial. Such was the extent of his constitutional right of confrontation. Jones v. People of State of California (9th Cir. 1966) 364 F.2d 522, 524. Similarly, the fact that one of the witnesses at his trial allegedly contradicted herself affords no warrant for *habeas corpus* relief; that was an issue for the jury which heard the evidence and resolved the petitioner's guilt. Jones v. California, *supra*. Petitioner complains, too, of the insufficiency of the evidence in his trial. Sufficiency of evidence is "normally a matter of state law not involving federal constitutional issues." Bradley v. Peyton (D.C.Va. 1969) 295 F.Supp. 636, 637. Only when the trial record in the State court is so devoid of evidence of guilt as to offend constitutional standards may the Court extend federal *habeas corpus* relief. Stevens v. Warden, Md. Penitentiary (4th Cir. 1967) 382 F.2d 429, 430, cert. denied 390 U.S. 1031, 88 S.Ct. 1423, 20 L.Ed.2d 288. The trial record has been filed with this Court and it is plain that such record is not so devoid of guilt as to offend constitutional standards.

■ Finally, the petitioner complains that he has been given no hearing before this Court. Unfortunately for his contention, his petition, as supplemented by his later Reply, does not set forth any ground upon which relief could be granted him. Under such circumstances, a hearing would be a futile formality.

■ It might be added that the failure of the petitioner to exhaust State remedies would justify dismissal of this petition. The Court, has, however, despite this failure, sought to review every contention made by the petitioner and thus to avoid further unnecessary petitions herein.

Accordingly, the petition is dismissed.

And it is so ordered.