# WHEELER *v.* UNITED STATES.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 571. Submitted October 24, 1895. — Decided November 11, 1895.

An indictment for murder in the Eastern District of Texas which alleges that the accused and the deceased were not Indians nor citizens of the Indian Territory is sufficient, without the further allegation that they were not citizens of any Indian tribe or nation.

The overruling a motion for a new trial is not assignable as error.

A boy five years of age is not, as matter of law, absolutely disqualified as a witness; and in this case the disclosures on the *voir dire* were sufficient to authorize his admission to testify.

THE case is stated in the opinion.

No appearance for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error submitted on his brief.

MR. JUSTICE BREWER delivered the opinion of the court.

On January 2, 1895, George L. Wheeler was by the Circuit Court of the United States for the Eastern District of Texas adjudged guilty of the crime of murder and sentenced to be hanged. Whereupon he sued out this writ of error. Three errors are alleged: First, that the indictment is fatally defective in failing to allege that the defendant and the deceased were not citizens of any Indian tribe or nation. It charges

that they were not Indians nor citizens of the Indian Territory. The precise question was presented in *Westmoreland* v. *United States*, 155 U. S. 545, and under the authority of that case this indictment must be held sufficient.

Another contention is that the court erred in overruling the motion for a new trial, but such action, as has been repeatedly held, is not assignable as error. *Moore* v. *United States*, 150 U. S. 57; *Holder* v. *United States*, 150 U. S. 91; *Blitz* v. *United States*, 153 U. S. 308.

The remaining objection is to the action of the court in permitting the son of the deceased to testify. The homicide took place on June 12, 1894, and this boy was five years old on the 5th of July following. The case was tried on December 21, at which time he was nearly five and a half years of age. The boy, in reply to questions put to him on his *voir dire*, said among other things that he knew the difference between the truth and a lie; that if he told a lie the bad man would get him, and that he was going to tell the truth. When further asked what they would do with him in court if he told a lie, he replied that they would put him in jail. He also said that his mother had told him that morning to "tell no lie," and in response to a question as to what the clerk said to him, when he held up his hand, he answered, "don't you tell no story." Other questions were asked as to his residence, his relationship to the deceased, and as to whether he had ever been to school, to which latter inquiry he responded in the negative. As the testimony is not all preserved in the record we have before us no inquiry as to the sufficiency of the testimony to uphold the verdict, and are limited to the question of the competency of this witness.

That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness, is clear. While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests prima-

rily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities. In *Brasier's case,* (1 Leach, Cr. L. 199,) it is stated that the question was submitted to the twelve judges, and that they were unanimously of the opinion " that an infant, though under the age of seven years, may be sworn in a criminal prosecution, provided such infant appears, on strict examination by the court, to possess a sufficient knowledge of the nature and consequences of an oath, for there is no precise or fixed rule as to the time within which infants are excluded from giving evidence; but their admissibility depends upon the sense and reason they entertain of the danger and impiety of falsehood, which is to be collected from their answers to questions propounded to them by the court." See, also, 1 Greenleaf's Evidence, § 367; 1 Wharton's Evidence, §§ 398, 399, and 400; 1 Best on Evidence, §§ 155, 156; *State* v. *Juneau,* 88 Wisconsin, 180; *Ridenhour* v. *Kansas City Cable Company,* 102 Missouri, 270; *McGuff* v. *State,* 88 Alabama, 147; *State* v. *Levy,* 23 Minnesota, 104; *Davidson* v. *State,* 39 Texas, 129; *Commonwealth* v. *Mullins,* 2 Allen, 295; *Peterson* v. *State,* 47 Georgia, 524; *State* v. *Edwards,* 79 N. C. 648; *State* v. *Jackson,* 9 Oregon, 457; *Blackwell* v. *State,* 11 Indiana, 196.

These principles and authorities are decisive in this case. So far as can be judged from the not very extended examination which is found in the record, the boy was intelligent, understood the difference between truth and falsehood, and the consequences of telling the latter, and also what was required by the oath which he had taken. At any rate, the contrary does not appear. Of course, care must be taken by the trial judge, especially where, as in this case, the question

is one of life or death. On the other hand, to exclude from the witness stand one who shows himself capable of understanding the difference between truth and falsehood, and who does not appear to have been simply taught to tell a story, would sometimes result in staying the hand of justice.

We think that under the circumstances of this case the disclosures on the *voir dire* were sufficient to authorize the decision that the witness was competent, and, therefore, there was no error in admitting his testimony. These being the only questions in the record, the judgment must be

*Affirmed.*