**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfred Marion SPOONHUNTER, Sr., Defendant-Appellant.**

**No. 72–1600.**

United States Court of Appeals, Tenth Circuit.

April 10, 1973.

Richard A. Stacy, Asst. U.S. Atty., Cheyenne, Wyo. (Richard V. Thomas, U. S. Atty., and Tosh Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Richard F. Pickett, Cheyenne, Wyo., for defendant-appellant.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Alfred Marion Spoonhunter, Sr., appeals from a jury conviction of guilty and subsequent sentence wherein he was charged with the commission of the crime of forcible rape on the person of Beatrice Mae Potter on July 13, 1971, within the Wind River Indian Reservation, Wyoming. His sentence was entered July 21, 1972, for a term of five years pursuant to 18 U.S.C. § 4208(a) (2).

The defense was that of alibi. Although the appellant did not testify at trial, his wife, his brother, and some five or six additional witnesses testified that on the evening of the alleged rape the appellant was in their presence until about 5:00 a. m. at a beer-drinking get-together at the Felter home. Beatrice Potter testified that she was forcibly raped in her home which is some distance from the Felter residence. She said that the rape occurred between 4:00 a. m. and 4:45 a. m. Spoonhunter's wife testified that she, appellant and his brother, Adam, went directly home from the party, arriving shortly after 5:00 a. m. and that appellant and she went to bed in their home. She further testified that appellant slept until after 10:00 on July 13, 1971.

Beatrice Potter's husband was away from the Potter home at the time of the rape. Beatrice and her five children were in their home located some five to ten minutes walking distance from the Spoonhunter home. The doors and window screens were locked or latched. Beatrice related that she was asleep in her bed with a couple of her children, including Donna, then six years of age, when she was yanked out of bed by a man and dragged into the living room, and then past the open bathroom door where the light was on. She testified that it was then that she definitely identified Spoonhunter as her attacker; that they struggled into the kitchen area, upsetting things during the struggle; that she scratched at Spoonhunter and knocked off his eyeglasses in the kitchen; and that he dragged her into the bathroom entry area again, and it was there that she believed she was "hit" in the stomach and then fainted. She further testified that when she recovered consciousness she was lying on the bed in the south bedroom, and that Spoonhunter was engaged in sexual intercourse with her. Her daughter, Donna, who was age seven at time of trial, testified that it was Spoonhunter who was in their home that night and that she saw Spoonhunter hit her mother in the stomach, in the area of the south bedroom. Spoonhunter had been at the Potter home only once before, and was known by both Beatrice and Donna. There was evidence tending to corroborate the facts that a struggle had occurred, and that Beatrice bore abrasions, swellings, and for some time complained of stomach pains; that intercourse had occurred with Beatrice within a few days of the alleged rape (while admittedly it could have been attributed to voluntary intercourse between Beatrice and her husband); that the right side bow of a pair of eyeglasses was found in the Potter kitchen the morning following the rape; and that when Spoonhunter was arrested later that day he was seen wearing glasses with the right bow removed, and that they fell off when he departed from a police car.

On appeal, Spoonhunter raises five basic contentions of error. We shall consider each.

## I.

Appellant alleges prejudicial error in that the trial court did not properly qualify seven-year old Donna Potter as a witness, and in overruling his continuing objection to her testimony on the ground that she was incompetent because of her age.

The first part of the allegation goes to the voir dire conducted by the trial court after Donna was called as a witness by the Government and objection was made by the appellant on the ground of incompetency. The trial court's voir dire was as follows:

THE COURT: I'll ask her a few questions. Donna, how old are you?

DONNA: Seven.

THE COURT: You are seven?

DONNA: Uh-huh.

THE COURT: You were six years old then on July 13, 1971?

DONNA: Uh-huh.

THE COURT: What grade are you in school?

DONNA: Second.

THE COURT: Do you think you remember what occurred on the night of July 13, 1971?

DONNA: Yes.

THE COURT: Do you know what it is to tell the truth when you raise your hand and are sworn?

DONNA: Yes.

THE COURT: And if I administer the oath to you, you will swear to tell the truth and you know that you can be punished if you don't tell the truth? You understand that?

DONNA: Yes.

THE COURT: I think she is qualified. You raise your right hand then (Sworn).

THE COURT: Do you so swear, do you?

DONNA: Yes.

THE COURT: Very well.

The continuing objection of the appellant to Donna's testimony was based upon the fact that she was under the age of ten years and that § 1–138, Wyoming Statutes, 1957, provides that children under the age of ten years are incompetent to testify if they " . . . appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

The above cited Wyoming statute does not apply in this case because the crime charged is a federal offense. In federal prosecutions the admissibility of evidence and the determination of competency of witnesses is dictated by federal law, as reason and experience may dictate, and not by state law. Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369 (1933); Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928); Rogers v. United States, 369 F.2d 944 (10th Cir. 1966), cert. denied 388 U.S. 922, 87 S.Ct. 2125, 18 L.Ed.2d 1371 (1967); Rule 26, Fed.R.Crim.P., 18 U.S.C.A. In any event, we find no inconsistency in the cited statute and our rule: the capacity of a person offered as a witness is presumed, and in order to exclude a witness on the ground of mental incapacity, the existence of the incapacity must be made to appear. Sinclair v. Turner, 447 F.2d 1158 (10th Cir. 1971), cert. denied 405 U.S. 1048, 92 S.Ct. 1329, 31 L.Ed.2d 590 (1972). Whether an infant is competent is largely in the discretion of the trial judge. The test, even as applied to an infant five and one-half years of age, is whether it was shown on examination of the infant that he was intelligent, and whether he understood the difference between truth and falsehood, and the consequences of falsehood, and what was required by the oath. Wheeler v. United States, 159 U.S. 523, 16 S.Ct. 93, 40 L. Ed. 244 (1895).

In Antelope v. United States, 185 F.2d 174 (10th Cir. 1950) the appellant contended that in his prosecution for statutory rape, the thirteen-year old prosecutrix was without sufficient capacity to testify because of her age. The appel-

late court looked to the record in testing the contentions of incompetency. While noting that the prosecutrix was a "young, timid Indian girl" who was embarrassed and who testified in a halting manner, she was nevertheless held to be competent. There the Court allowed the District Attorney to ask her leading questions.

■■■ Wigmore sets forth some essential requirements to test the competency of infants: Capacity to observe, capacity to recollect, capacity to communicate, capacity to understand questions put and to frame and express intelligent answers and a sense of moral responsibility. II Wigmore on Evidence § 506 (3rd ed. 1940). The trial court did not err in admitting Donna Potter's testimony, finding, as it did, that she met each of these tests, even though there was some discrepancy in her recollection of facts developed on cross-examination. Donna's testimony corroborated her mother's testimony. She positively identified Spoonhunter as the man who was in the Potter home at an early morning hour on July 13, 1971, and stated that she saw him dragging her mother and striking her in the stomach while in the home. Donna's competency was tested on cross-examination. The record reflects that the cross-examination failed to establish her incompetency. Cross-examination is often used to test competency. 98 C.J.S. Witnesses § 378 (1957).

■ Finally, we note that the methods of ascertaining a child's testimonial capacity are the same as those employed for the oath. II Wigmore on Evidence § 508 (3rd ed. 1940). The voir dire examination of a child is generally conducted by the judge under Rule 26, Fed.R.Crim. P. to determine competency. If counsel believes that the voir dire is inadequate he has an obligation to propose certain voir dire questions to the court, to request the right to conduct independent examination relating thereto, or to object to the adequacy of the Court's examination, just as counsel is required to act in challenging the qualification and compe-

tency of jurors. VI Wigmore on Evidence § 1820 (3rd ed. 1940); Lowther v. United States, 455 F.2d 657 (10th Cir. 1972), cert. denied 409 U.S. 857, 93 S.Ct. 139, 34 L.Ed.2d 102 (1972); Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967), cert. denied 390 U.S. 1015, 88 S. Ct. 1267, 20 L.Ed.2d 165 (1968). The record evidences no error in the admission in evidence of the testimony of Donna Potter.

### II.

Appellant alleges error by the trial court in refusing to grant his motion for a continuance immediately prior to trial for the reason that all of his witnesses could not be located for the purpose of being subpoenaed.

■ The prosecution had been granted two prior continuances because the prosecutrix had become ill and was unable to appear for trial. Appellant alleges that the trial court's refusal to grant his motion for a continuance was *arbitrary* primarily because of the two prior continuances. The allegation does not have merit when we consider that: (1) the prior continuances were predicated upon medical determinations that Beatrice Potter could not appear at trial; (2) the Government made good faith efforts to obtain the three additional "alibi" witnesses, Fridon, Whiteman and Bell, as requested by the appellant; and (3) there is nothing in this record which would indicate that had these three witnesses appeared that they would have lent any greater weight to the credibility of the "alibi" defense testified to at length by seven or eight other defense witnesses, nor that one or more of the three witnesses would have "shed some light upon the character of Beatrice Mae Potter, the complaining witness." There was no offer of proof in relation to the "character" testimony. Certainly the testimony of the three witnesses in relation to the facts of the beer party at the Felter home, or the approximate time of Spoonhunter's departure, would have been cumulative only.

Seven or eight witnesses testified that the appellant attended the party.

 The trial court is vested with discretion as to granting a continuance. Its exercise will not be disturbed on appeal in the absence of a clear showing of abuse resulting in manifest injustice. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969). No such prejudice has been demonstrated here. United States v. Harris, 441 F.2d 1333 (10th Cir. 1971).

### III.

 Appellant alleges error in the Court's refusal to give his proposed Instruction No. 1 that:

> "You are instructed that in this case the prosecution relies for conviction upon the testimony of Beatrice Potter, the prosecuting witness, and no other witness was called by the State to testify *directly to the time and place or circumstances of the alleged offense;* and you are instructed in cases where the State *relies upon the uncorroborated testimony of the prosecutrix unsupported by other evidence, that you must view such testimony with great caution."* (Emphasis ours).

Spoonhunter's reliance upon the Wyoming cases of State v. Slane, 48 Wyo. 1, 41 P.2d 269 (1935) and Strand v. State, 36 Wyo. 78, 252 P. 1030 (1927), is misplaced, in view of the fact that the record adequately confirms that the testimony of Beatrice Potter was corroborated in material part by the testimony of Donna Potter, Dr. Manges, George Philip Moss, Leona St. Clair, P. Rene Bidez and Stanford St. Clair. The jurors weighed their testimony against the numerical superiority of Spoonhunter's countervailing alibi witnesses in finding against him beyond a reasonable doubt.

 The trial court's instructions fairly and adequately guided the jurors in their deliberations. Seldom in cases of this sort is there direct corroboration; more often in cases of rape the corroboration, as here, is circumstantial in character. Jurors are charged with the duty of assessing the credibility of witnesses, and that is not a function for the appellate court. United States v. Miller, 460 F.2d 582 (10th Cir. 1972); United States v. Sierra, 452 F.2d 291 (10th Cir. 1971). It is for the jury to determine the weight to be given to any testimony. Their assessment in this regard takes into consideration the appearance and general demeanor of each and every witness. Such an evaluation of aspects of credibility is not available to the appellate court from a review of the "cold" record on appeal, and we cannot draw controlling inferences contrary to those reasonably drawn by the jury from the evidence, both direct and circumstantial. United States v. Miller, *supra*; United States v. Wheeler, 444 F.2d 385 (10th Cir. 1971); Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969), cert. denied 396 U.S. 933, 90 S. Ct. 276, 24 L.Ed. 232 (1969). We are not a forum for trial de novo. Dailey v. City of Lawton, Oklahoma, 425 F.2d 1037 (10th Cir. 1970). Our review, following conviction, dictates that we must view the evidence, direct and circumstantial, together with all reasonably drawn inferences in a light favorable to the prosecution. Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970); Mares v. United States, 409 F.2d 1083 (10th Cir. 1968), cert. denied 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969). And when different inferences may be drawn, appellate courts will not substitute their judgment for that of the trial court or jury. Colby v. Cities Service Oil Company, 254 F.2d 665 (10th Cir. 1958). The Court did not err in refusing to give the proffered instruction.

### IV.

Spoonhunter alleges that the trial court erred in sustaining the Government's objection to the proffered testimony of one Ben Earl Brown who would have testified that about one week prior

to the rape incident he had had sexual intercourse with Mrs. Potter at her home after she picked him up that evening.

■ Spoonhunter argues that this testimony was critical not only to place Beatrice Potter's character in issue but to show a course of conduct on her part while her husband was away from home during the weekdays. Appellant cites no case authority in support of his argument. In his brief he acknowledges that in rape prosecutions the law does not allow the complaining witness's character to be put in issue ordinarily when the defense is alibi and that generally it is only allowed when the defense is one of consent. Brown's proffered testimony would not have established any conduct upon Beatrice Potter's part beyond the single occurrence. The testimony was properly excluded.

■ In order to establish the defense of "alibi", the evidence thereof when considered by the jury, along with the other evidence in the case pertinent to the issue, must be sufficient to engender in the minds of the jury a reasonable doubt that the accused, at the time the offense was committed was not present at the place of its commission. United States v. Carter, 433 F.2d 874 (10th Cir. 1970); United States v. Booz, 451 F.2d 719 (3rd Cir. 1971); United States v. Marcus, 166 F.2d 497 (3rd Cir. 1948); 67 A.L.R. 138 (1930). The very nature of the alibi defense raises no issue that the crime charged did not in fact occur. It simply raises the issue that it could not have involved the accused. It is therefore inconsistent to permit an accused who presents an alibi defense to present evidence of the prosecutrix's character which goes beyond evidence of her general reputation in public opinion. A character witness's knowledge of particular acts is not ad-

missible to prove character in the sense of a general trait for honesty, temperance or carefulness; it is relevant only if it specifically designates or demonstrates a *regular practice* in the nature of *habit* of meeting a particular kind of situation with a certain type of conduct. Frase v. Henry, 444 F.2d 1228 (10th Cir. 1971); III Wigmore on Evidence, §§ 943, 944, 963 (3rd ed. 1940); 75 C.J. S. Rape § 63 (1952). We hold that testimony of unchastity on the part of the prosecutrix proffered by a witness to one claimed prior act of intercourse is not evidence of her reputation for unchastity. The trial court did not err in denying the Brown testimony.

### V.

■ Appellant alleges that the trial court committed prejudicial error in not granting his Motion to Dismiss because he was not granted a speedy trial. Although the Government was granted two continuances in view of the prosecutrix's illness, Spoonhunter did not object until the second continuance was granted. He did not demonstrate any prejudice. Barker v. Wingo, Warden, 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972) requires the trial judge to determine whether the defendant has been deprived of his right to a speedy trial considering: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. The mere passage of time does not, per se, establish an unconstitutional denial of a right to a speedy trial. Hampton v. State of Oklahoma, 368 F.2d 9 (10th Cir. 1966). The appellant has not demonstrated that the continuances deprived him of a fair trial. Mc-Manaman v. United States, 327 F.2d 21 (10th Cir. 1964).

Affirmed.