[No. 48252-7. En Banc. August 26, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. LEAH H. SMITH, *Petitioner*.

*Alan Corner,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *James Lobsenz, Deputy,* for respondent.

PER CURIAM.—In justice court, the petitioner was found guilty of having assaulted one Sharon, a 38–year–old retarded person under the petitioner's care at Fircrest School in Seattle. A trial de novo in the Superior Court resulted in a guilty verdict, which was affirmed by the Court of Appeals. The facts of the case are set forth in the opinion of the Court of Appeals, Division One, *State v. Smith,* 30 Wn. App. 251, 633 P.2d 137 (1981), and need not be repeated here.

The petitioner challenges the holding of the Court of Appeals that Sharon was competent to testify. She maintains that Sharon, having an intelligence quotient of about 23 (100 being the average) was, as a matter of law, incompetent to testify. According to her theory the patient was, in law, a child within the meaning of CrR 6.12(c). We recently held in *State v. Froehlich,* 96 Wn.2d 301, 635 P.2d 127 (1981) that RCW 5.60.050(2), which is couched in the same language as CrR 6.12(c), except that the rule applies to all children while the statute applies only to children under 10 years of age, cannot be read to apply to persons over 10 years old. It was contended there, as it is here, that an adult should be regarded as a child, in law, if his mental development is comparable. The rule, like the statute, applies only to those who fall within its terms.

The petitioner also argues that Sharon was a person of unsound mind. Under RCW 5.60.050, the following persons are not competent to testify: those who are of unsound mind, or intoxicated at the time of their production for examination, and children under 10 years of age who

appear incapable of receiving just impression of the facts respecting which they are examined, or of relating them truly. CrR 6.12(c) is virtually identical. This court has said that "unsound mind", as used here, means total lack of comprehension or the inability to distinguish between right and wrong. *State v. Wyse,* 71 Wn.2d 434, 429 P.2d 121 (1967); *State v. Hardung,* 161 Wash. 379, 297 P. 167 (1931). We said in *State v. Moorison,* 43 Wn.2d 23, 259 P.2d 1105 (1953) that where a person has been adjudicated insane, a presumption of incompetency arises, rebuttable by the person offering the witness. Where there has been no such adjudication, the burden is on the party opposing the witness to prove incompetence.

In 1949 Sharon was adjudicated mentally deficient. This is not the equivalent of insanity. It meant that she was not capable of self–direction, self–support and social participation. The medical witness said: "But beyond that, there is no indication of the person being out of contact with reality or having severe emotional problems". Report of Proceedings, at 11. In other words, a retarded mind is not the same as a sick mind.

The Court of Appeals correctly held that the determination of the witness' competency and the allowance of leading questions rested primarily with the trial judge who saw the witness, noticed her manner, and considered her capacity and intelligence. Such discretion will not be disturbed on appeal in the absence of manifest abuse. The court justifiably found that Sharon understood the obligation to tell the truth and was capable of recalling and recounting the event in question. We agree with that court that no abuse was shown here.

The petitioner assigned error to the admission of testimony concerning prior consistent statements made by the victim. This testimony was admissible to rebut an inference of recent fabrication or improper motive (ER 801(d)(1)(ii)), which could have been drawn by the jury based upon defense testimony that the victim had made a number of accusations against the petitioner, which had not been sub-

stantiated.

Error was also assigned to the refusal of a motion for mistrial which was made when reputation evidence was prematurely introduced by the State, and to the refusal of extrinsic evidence offered by the petitioner to prove misconduct of Sharon reflecting on her credibility. The Court of Appeals disposition of these issues was likewise correct.

The decision of that court is affirmed.