**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALLEN J. (a juvenile),

      Defendant-Appellant.

No. 96-2276

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-96-364-LH)**

---

Sharon R. Kimball (John J. Kelly, United States Attorney, with her on the brief), Executive Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Judith A. Rosenstein, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

---

Before **SEYMOUR,** Chief Judge, and **PORFILIO** and **BRORBY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Allen J. appeals his adjudication of juvenile delinquency in the United States District Court for the District of New Mexico. In a non-jury trial held on September 11, 12, and 16, 1996, the district court adjudged Allen J. a juvenile delinquent pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031, *et seq.*, after finding he had committed Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 2241(a), and 2246(2)(A) by knowingly using force to engage in a sex act with a juvenile. The case was in federal court because both Allen J. and the victim are Indians and because the incident took place within the Navajo Nation Indian Reservation in New Mexico. *See* 18 U.S.C. § 3231. The district court placed Allen J. on probation until he reaches the age of twenty-one and required, among other things, completion of sex offender and substance abuse treatment at a youth facility.

On May 29, 1996, the victim, a twelve-year-old female, graduated from the fifth grade. That evening her family had a celebration dinner at their home near Shiprock, New Mexico. After dinner, the victim delivered some aspirin to her grandmother, who lived next door. As she was returning, she met Allen J., then fifteen, a cousin of hers who lived in the house on the opposite side of the grandmother's residence from the victim's house. After a short discussion, Allen J. grabbed the victim by the wrist and forced her away from the houses to a

nearby abandoned car. The trial court found that after a brief struggle, Allen J. raped the victim.

The only issue Allen J. raises on appeal is whether the trial court erred in finding the victim competent to testify.

Because district courts have the advantage of direct observation of witnesses, this court defers to their determinations regarding the competency of witnesses to testify. District courts have "broad discretion in determining the competency of a witness to testify, and [their] decision[s] will not be reversed in the absence of an abuse of discretion." *United States v. Gomez*, 807 F.2d 1523, 1527 (10th Cir. 1986).

The competency of witnesses to testify in federal criminal trials is governed by Fed. R. Evid. 601. *See United States v. Haro*, 573 F.2d 661, 667 (10th Cir.), *cert. denied*, 439 U.S. 851 (1978). Rule 601 establishes a presumption "[e]very person is competent to be a witness." Fed. R. Evid. 601. This means there is no minimum or baseline mental capacity requirements witnesses must demonstrate before testifying. *See* Fed. R. Evid. 601 advisory committee's note. Indeed, the drafters of Rule 601 considered mental capacity not to be a question of

competence, but to be a question "particularly suited to the [trier of fact] as one of weight and credibility." *Id.*

In addition to the general presumption of competency found in Rule 601, there is a specific statutory presumption children[1] are competent to testify. 18 U.S.C. § 3509(c)(2). The statutory scheme places a heavy burden on a party seeking to have a child declared incompetent to testify. A court may only conduct a competency examination of a child witness upon submission of a written motion by a party offering *compelling* proof of incompetency. 18 U.S.C. § 3509(c)(3), (4). Even if this hurdle is met and a competency examination is held, the purpose of the examination is only to determine if the child is capable of "understanding and answering simple questions." 18 U.S.C. § 3509(c)(8). Therefore, Allen J. has a difficult standard to meet in this case. He must demonstrate the district court abused its discretion in allowing the testimony of a child victim — a decision the rules strongly favor.

Prior to trial, Allen J. filed a motion challenging the victim's competence to testify and requesting a competency examination. In the motion, he offered as

---

[1] The statute applies only to children who have been "[a] victim of a crime of physical abuse, sexual abuse, or exploitation" or who have witnessed a crime committed against another. 18 U.S.C. § 3509(a)(2)(A). This victim qualifies.

proof of incompetency two documents indicating "the possibility that [the victim] may suffer from Fetal Alcohol Syndrome or Fetal Alcohol Exposure" and "mild retardation and learning disabilities." The first document, a "6-9 Year EPSDT Tracking Form," was completed on December 30, 1992, almost four years before the trial in this case. It states, without attribution to the source of the information, the victim "apparently has learning disabilities [and] had to repeat 1st grade" and the victim's mother drank alcohol frequently during her pregnancy with the victim. The second document is a report by a pediatrician, dated October 9, 1993, again completed well before the date of the trial, based on an evaluation of the victim. In it, the doctor mentioned the victim suffers from "developmental delay and mild mental retardation" but stated she could not conclude those problems resulted from Fetal Alcohol Syndrome.

The district court judge did not rule on the motion before the trial, but raised it immediately before the start of the prosecution's case. At that point, the court indicated it did not find any compelling reason to hold a competency examination based on the information contained in Allen J.'s motion. The court reasoned even if the thirteen-year-old victim had a minor learning disability, she would be at least as capable of testifying as much younger children who had testified in previous cases before the court. Counsel for Allen J. then suggested a

competency examination was necessary because the victim had poor verbal skills and could not accurately relate what took place the evening of the alleged rape. The court asked the government's case agent, who had interviewed the victim, if he had any difficulty understanding her. The case agent stated he did not have any problems understanding her. The court denied Allen J.'s motion for an examination.

Allen J. states the test for determining the competency of a child witness is found in *United States v. Spoonhunter*, 476 F.2d 1050 (10th Cir. 1973). In *Spoonhunter*, this Circuit applied the test for determining the competency of a child witness established by the Supreme Court in *Wheeler v. United States*, 159 U.S. 523 (1895). In that case, the Court held competency "depends on the capacity and intelligence of the child, [the child's] appreciation of the difference between truth and falsehood, as well as of [the child's] duty to tell the former." *Id*. at 524. This determination was to be left primarily in the hands of the trial courts. *Id.* at 524-25. The Court, however, warned trial courts to take care when excluding witnesses, in order to avoid "staying the hand of justice." *Id*. at 526.

Both *Wheeler* and *Spoonhunter*, however, pre-date the enactment of Fed. R. Evid. 601 and 18 U.S.C. § 3509.[2]  For this reason, the *Wheeler* test this court has relied upon for years no longer completely states the applicable standard for determining the competency of a child witness, although it may inform any examinations taking place pursuant to 18 U.S.C. § 3509(c) and may help explain the type of evidence necessary to demonstrate a compelling reason for such an examination.

Allen J. argues the district court "erred in finding [the victim] competent to testify because the court never determined [the victim] understood the difference between the truth and falsehood, and the consequences of falsehood, and what was required by the oath", as required by *Spoonhunter*.  *See* 476 F.2d at 1054.  Upon enactment of § 3509, the rules changed.  Now children are presumed competent and the party seeking to prevent a child from testifying has the burden of providing a compelling reason for questioning the child's competence.  18 U.S.C. § 3509(c)(2), (4).

We agree with the district court's conclusion that the evidence offered by Allen J. in his Motion to Examine Child Witness for Competence did not

---

[2]  Rule 601 was enacted in 1975, and § 3509 was enacted in 1990.

constitute a "compelling reason" to hold a § 3509(c) competency examination. To counter the presumption favoring competency, Allen J. asserted the victim suffers mild mental retardation, possibly due to Fetal Alcohol Syndrome, which caused her to repeat first grade. As the district court correctly pointed out, even if the victim only had the mental development of a much younger child, she would still be competent to testify. The evidence offered by Allen J. did not begin to show the victim had such severe problems she could not "understand and answer simple questions" 18 U.S.C. § 3509(c)(8), or "underst[and] the difference between truth and falsehood, and the consequences of falsehood, and what was required by the oath," *Spoonhunter*, 476 F.2d at 1054.

When the victim was called to testify, the court asked her a series of questions seeking to confirm she understood the importance of the oath. These questions included: "Do you understand what it is to tell the truth?" and "Do you know the difference between the truth and a lie?" The victim did not respond to the judge's questioning. (*I*The court then asked the prosecutor to try questioning the witness. The prosecutor began with simple questions ("[W]hat is your last name?", "How old are you?", and "Where do you live?"), which the victim answered. After about thirty questions along these lines, almost all of which the victim was able to answer correctly, the prosecutor shifted to questions relating to

the difference between the truth and lies. Among other questions, the prosecutor asked the victim if she understood she had promised to tell the truth in court, to which the victim responded affirmatively. After this series of questions, which established the victim knew the difference between a truth and a lie, knew she was to tell the truth in court, and knew she would be punished if she told a lie, the court directed the prosecutor to proceed to the heart of her case.[3] Defense counsel objected repeatedly throughout this process and throughout the remainder of the victim's testimony.

Allen J. essentially bases his appeal on several instances in the victim's testimony where she had difficulty answering questions. The victim did not respond to the trial judge's questioning. She gave wrong answers to some of counsel's questions (*e.g.,* she said she was eleven, when she was thirteen), and she

---

[3] This initial questioning of the victim, during which the court satisfied itself the victim understood the need to be truthful in her statements, was not a competency examination pursuant to 18 U.S.C. §3509(c). Fed. R. Evid. 603 requires every witness to declare he or she will testify truthfully. In addition to confirming for the court the victim understood the oath, the initial questioning of the victim also served "to awaken the witness' conscience and impress the witness' mind with the duty to [testify truthfully]," as required by Rule 603. The type of questions asked by the prosecutor along this line, and the answers given by the victim, were comparable to examinations approved in *Spoonhunter*, 476 F.2d at 1054, and *Wheeler*, 159 U.S. at 524. For this reason, to the extent Allen J.'s argument may be construed to be an appeal based on Rule 603, we find the district court did not err and fully complied with the requirements of Rule 603.

gave nonsensical answers to others (*e.g.*, she answered "true" to the question "is it good or bad to tell a lie?"). In addition, she apparently paused for long periods of time before answering some questions.

Any inconsistencies in the victim's story or problems with her testimony, however, raise questions of credibility, not competence. Allen J.'s argument boils down to an attack on credibility couched in terms of competence. This court has rejected similar arguments before. *See United States v. Cook*, 949 F.2d 289, 293-94 (10th Cir. 1991); *United States v. Bedonie*, 913 F.2d 782, 799-801 (10th Cir. 1990), *cert. denied*, 501 U.S. 1253 (1991). The credibility of a witness is a question to be determined by the trier of fact, not this court. *See Bedonie*, 913, F.2d at 799.

Over one hundred years ago, the Supreme Court held it was proper for a five-year-old to give critical testimony in a capital case. *Wheeler*, 159 U.S. at 524. Since that time, the trend in the law has been to grant trial courts even greater leeway in deciding if a witness is competent to testify. *See Cook*, 949 F.2d at 293.

We find nothing in the record demonstrating the district court abused its discretion in permitting the victim in this case to testify. The decision of the district court is, therefore, **AFFIRMED**.