239 P.3d 568 (2010)
STATE of Washington, Petitioner,
v.
S.J.W., Respondent.
No. 83177-7.
Supreme Court of Washington, En Banc.
Argued June 22, 2010.
Decided September 23, 2010.
Gregory Marshall Banks, Colleen Sue Kenimond, Island County Prosecutor's Office, Coupeville, WA, for Petitioner/Appellant.
Jennifer J. Sweigert, Nielsen Broman & Koch, P.L.L.C., Seattle, WA, for Appellee/Respondent.
C. JOHNSON, J.
¶ 1 This case asks us to determine which party under RCW 5.60.050 bears the burden to establish a 14-year-old child's competency and whether a trial court should presume a child is competent to testify as a witness. S.J.W. was charged with the third degree rape of 14-year-old W.M., a developmentally delayed boy. The State offered W.M. as a witness to testify against S.J.W., and S.J.W. *569 challenged W.M.'s competency to testify. At the competency hearing, the trial judge concluded S.J.W. failed to meet his burden to establish that W.M. was not competent to testify. The trial judge permitted W.M. to testify at the bench trial, and S.J.W. was convicted.
¶ 2 S.J.W. appealed. The Court of Appeals affirmed S.J.W.'s conviction but held that the party offering a child witness bears the burden to show the witness is competent to testify. The Court of Appeals concluded that, although the trial judge erroneously placed that burden on S.J.W., this error was harmless. The State challenges this holding, arguing that the trial judge properly placed the burden on S.J.W. We agree with the State and affirm on different grounds, holding that the party challenging a 14-year-old child witness bears the burden to establish that the witness is not competent to testify.

FACTS
¶ 3 W.M. is developmentally delayed due to a seizure disorder and requires constant supervision. W.M.'s parents paid S.J.W., who was a neighbor and friend of W.M., to watch him one day each week. Both W.M. and S.J.W. were 14 years old at the time of the incident underlying this case.
¶ 4 When W.M.'s father returned from work on October 3, 2007, W.M. told him that S.J.W. had "stuck his pee-pee in his butt." Verbatim Report of Proceedings (VRP) (May 7, 2008) at 14. W.M.'s father phoned the police. When Officer Patrick Horn later interviewed S.J.W., S.J.W. admitted having oral and anal intercourse with W.M. He also confessed to Horn that he "knew he could take advantage of [W.M.] because [W.M.] was retarded." VRP (May 7, 2008) at 42. W.M. told Horn that S.J.W. made W.M. lick S.J.W.'s penis and then directed W.M. to lie down on the bed. When W.M. said he did not want to continue, S.J.W. told W.M. "to be quiet and do it" and then S.J.W. "put his penis in [W.M.'s] butt." VRP (May 7, 2008) at 45-46.
¶ 5 At the competency hearing, S.J.W. called several witnesses, including a child protective services social worker, W.M.'s pediatrician, and W.M.'s parents, in an effort to show that W.M. was not competent to testify. The State did not call any witnesses, and the trial court did not examine W.M. Based on the evidence offered, the court concluded that W.M. was competent to testify. The court first explained that in applying the Allen factors,[1] the burden to demonstrate W.M.'s incompetency rested on S.J.W.: "When a child is over 14, there is a presumption that that child is competent. So there has to be the burden on the person who is saying that person is not competent to show by a preponderance of the evidence." VRP (May 6, 2008) at 56. The court concluded that S.J.W. had failed to meet this burden:
[T]he types of issues you're bringing up go to the credibility of this particular witness....
But I've not heard anything about the "events in question." I've heard about lunches. I've heard about a Mariners' game. I heard about some other situations which are, you know, troubling. And I think will be troubling to a jury. But not necessarily about the events in question. And that's what I have to look at.
As long as the child is able to demonstrate an independent recollection of the events in question and has the ability to describe them, then the child's equivocal or inability to recall details or to recall other things goes to the weight of the testimony....
There just has not been that finding by a preponderance of the evidence that the child is unable to recollect the events in question.
VRP (May 6, 2008) at 56-57.
¶ 6 At the bench trial the following day, the State called W.M. to testify. W.M. testified that Horn had come to his house "because [S.J.W.] put his peanuts in my butt." VRP (May 7, 2008) at 60. When asked to clarify what he meant by "peanuts," W.M. pointed to his groin. W.M. told the prosecutor that he asked S.J.W. to "[s]top doing that." VRP (May 7, 2008) at 61.
*570 ¶ 7 The trial court found S.J.W. guilty of third degree rape pursuant to RCW 9A.44.060(1)(a).[2] At the dispositional hearing, the court decided that two aggravating factors existed to support a manifest injustice sentence outside the standard range: W.M. was particularly vulnerable and the crime was an abuse of trust. S.J.W. was sentenced to 39 to 52 weeks of commitment.
¶ 8 S.J.W. appealed, arguing that the trial court erred by finding W.M. was competent to testify. The Court of Appeals held that the trial court erred by placing the burden on S.J.W. to prove that W.M. was incompetent; in the court's view, the party offering the child witness has the burden to establish the child's competency. State v. S.J.W., 149 Wash.App. 912, 922, 206 P.3d 355 (2009). The court held, however, that the error was harmless because 14-year-old W.M. was competent in light of the Allen factors and affirmed S.J.W.'s conviction.
¶ 9 The State filed a petition for review, challenging the Court of Appeals holding with regard to the burden placed on them and the presumption of incompetency. S.J.W. opposed review but raised contingent issues, e.g., the sufficiency of the evidence establishing W.M.'s competence. We granted the State's petition for review and denied review of S.J.W.'s contingent issues.[3]State v. Webb, 166 Wash.2d 1024, 217 P.3d 784 (2009).

ISSUE
¶ 10 Whether a court should presume a child is competent to testify as a witness.

ANALYSIS
¶ 11 We review questions of statutory interpretation de novo. Dot Foods, Inc. v. Dep't of Revenue, 166 Wash.2d 912, 919, 215 P.3d 185 (2009). An appellate court will not disturb a trial court's conclusion as to the competency of a witness to testify except for abuse of discretion. Faust v. Albertson, 167 Wash.2d 531, 545-546, 222 P.3d 1208 (2009). Former RCW 5.60.050 (originally enacted as Code of 1881 § 391) provided:
The following persons shall not be competent to testify:
(1) Those who are of unsound mind, or intoxicated at the time of their production for examination, and
(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.
(Emphasis added.) RCW 5.60.050 now provides:
The following persons shall not be competent to testify:
(1) Those who are of unsound mind, or intoxicated at the time of their production for examination, and
(2) Those who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.
(Emphasis added.)
¶ 12 The parties characterize the issues in this case as a question of burden, i.e., does the party offering a child witness bear the burden to establish that the child is competent to testify, or does the party challenging the child witness bear the burden to establish that the child is incompetent to testify? We may better frame this issue as whether a trial court should presume a child is competent or incompetent to testify. If a trial court should presume a child witness is competent, then the party challenging the child's competency has a burden to rebut that presumption by establishing that the child is not competent to testify. Conversely, if a trial court should presume a child witness is incompetent, then the party offering the child witness has a burden to rebut that presumption *571 by establishing that the child is competent to testify. As noted, the trial court here started with the presumption that 14-year-old children are competent to testify. The Court of Appeals would have trial courts presume that all children are incompetent to testify.
¶ 13 There are no cases squarely on point supporting the Court of Appeals holding. S.J.W.'s citations to In re Dependency of A.E.P., 135 Wash.2d 208, 225, 956 P.2d 297 (1998) and Jenkins v. Snohomish County Pub. Util. Dist. No. 1, 105 Wash.2d 99, 102, 713 P.2d 79 (1986) provide little guidance. See Suppl. Br. of Resp't at 2-3. In A.E.P., the party challenging the child's competency showed that the child was not competent to testify because she was unable to testify as to when incidents of abuse occurred. We held that a child is not competent if one of the Allen factors is shown to be absent. In Jenkins, which we decided prior to the legislature's amendment to RCW 5.60.050 in 1986, we applied de novo review to the trial court's competency determination because it was based solely on the deposition testimony of a seven-year-old boy. Based upon the former statute, we held that the deposition failed to show that the boy was competent to testify. Neither A.E.P. nor Jenkins offers any guidance on the issue before us here.
¶ 14 The Court of Appeals relied on two commentators: Karl Tegland, who notes that if a child's competency is challenged, the burden shifts to the party offering the child to establish competence, and Seth Fine, who states that the party offering a child's testimony must establish competency. S.J.W., 149 Wash.App. at 922, 206 P.3d 355 (citing 5A Karl B. Tegland, Washington Practice: Evidence Law and Practice § 601.6, at 299 (5th ed. 2007); 13B Seth A. Fine, Washington Practice: Criminal Law § 2413, at 19 (2d ed. Supp.2008-09)). Both Tegland and Fine cite State v. Karpenski, 94 Wash.App. 80, 971 P.2d 553 (1999) for support, abrogated by State v. C.J., 148 Wash.2d 672, 63 P.3d 765 (2003). But the court in Karpenski did not specify which party had the burden, nor can the opinion be read to hold that the trial court must presume 14-year-old children are incompetent to testify.
¶ 15 Until 1986, former RCW 5.60.050 provided that all persons of suitable age could be witnesses except those of unsound mind, those who were intoxicated at the time of examination, and children under 10 who appeared incapable of receiving just impressions of the facts or of relating them truly. When this court decided Allen in 1967, the trial court had to be satisfied that a child met these statutory requirements if a party challenged the competency of a child under 10. State v. Allen, 70 Wash.2d 690, 424 P.2d 1021 (1967). The court in Allen concluded that the true test of the competency of a "young child" of "tender years" consists of (1) an understanding of the obligation to tell the truth, (2) the mental capacity at the time of the occurrence concerning the testimony, (3) sufficient memory to retain an independent recollection of the occurrence, (4) the capacity to express in words her memory of the occurrence, and (5) the capacity to understand simple questions about the occurrence. Allen, 70 Wash.2d at 692, 424 P.2d 1021. The Allen court held that the trial judge had not abused his discretion when he admitted into evidence the testimony of a six-year-old witness.
¶ 16 Former RCW 5.60.050 provided:
The following persons shall not be competent to testify:
(1) Those who are of unsound mind, or intoxicated at the time of their production for examination, and
(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.
(Emphasis added.) The legislature amended RCW 5.60.050 in 1986, removing the requirement that a witness be of a suitable age by replacing the phrase "[c]hildren under ten years of age" with the word "[t]hose." Laws of 1986, ch. 195. The current statute provides that no person is competent to testify who is of unsound mind, intoxicated at the time of examination, or is incapable of receiving just impressions of the facts or of relating them truly. RCW 5.60.050. All persons, regardless of age, are now subject to this rule because there is no longer any requirement that a witness be of suitable age or any *572 suggestion that children under 10 may not be suitable witnesses. A child's competency is now determined by the trial judge within the framework of RCW 5.60.050, while the Allen factors serve to inform the judge's determination.
¶ 17 Because RCW 5.60.050 no longer makes any reference to age, the default rule for all witnesses should apply, i.e., that every person is presumed competent to testify. See RCW 5.60.020 ("Every person of sound mind and discretion ... may be a witness in any action, or proceeding"); ER 601 ("Every person is competent to be a witness except as otherwise provided by statute or by court rule."); see also State v. Smith, 97 Wash.2d 801, 803, 650 P.2d 201 (1982) ("Where there has been no such [adjudication of insanity], the burden is on the party opposing the witness to prove incompetence."). Requiring a trial court to presume a witness is incompetent based solely on his age would be inconsistent with the current statutory scheme that gives no weight to the witness's age. A six-year-old child (as in Allen) may be more competent to testify than an adult in a given case; no court should presume a child is incompetent to testify based upon age alone. Rather, we hold that courts should presume all witnesses are competent to testify regardless of their age.
¶ 18 Further support for this conclusion may be found in the federal rules and case law. Under the federal rules, a child who has been a victim of a crime of physical abuse, sexual abuse, or exploitation, or who has witnessed a crime committed against another, is presumed competent and the party seeking to prevent such a child from testifying has the burden of providing a compelling reason for questioning the child's competence:
In addition to the general presumption of competency found in [Federal Rule of Evidence] 601, there is a specific statutory presumption children are competent to testify. 18 U.S.C. § 3509(c)(2). The statutory scheme places a heavy burden on a party seeking to have a child declared incompetent to testify. A court may only conduct a competency examination of a child witness upon submission of a written motion by a party offering compelling proof of incompetency. 18 U.S.C. § 3509(c)(3), (4). Even if this hurdle is met and a competency examination is held, the purpose of the examination is only to determine if the child is capable of "understanding and answering simple questions." 18 U.S.C. § 3509(c)(8).
United States v. Allen J., 127 F.3d 1292, 1294 (10th Cir.1997). Prior to the enactment of 18 U.S.C. § 3509, federal courts relied on the Wheeler test for determining the competency of a child witness. Like the Allen factors we consider, the court in Wheeler held that competency "depends on the capacity and intelligence of the child, [the child's] appreciation of the difference between truth and falsehood, as well as of [the child's] duty to tell the former." Wheeler v. United States, 159 U.S. 523, 524, 16 S.Ct. 93, 40 L.Ed. 244 (1895). But upon enactment of 18 U.S.C. § 3509, Wheeler "no longer completely states the applicable standard for determining the competency of a child witness, although it may inform any examinations taking place pursuant to 18 U.S.C. § 3509(c) and may help explain the type of evidence necessary to demonstrate a compelling reason for such an examination." Allen J., 127 F.3d at 1295. Although RCW 5.60.050 does not expressly state that children are presumed competent to the extent of the federal statute, by removing any reference to age, our statute should be construed in the same manner.
¶ 19 S.J.W. argues that CrR 6.12(c) supports a holding that trial courts should presume children are incompetent. CrR 6.12(c) provides a rule similar to former RCW 5.60.050:
The following persons are incompetent to testify: (1) Those who are of unsound mind, or intoxicated at the time of their production for examination; and (2) children who do not have the capacity of receiving just impressions of the facts about which they are examined or who do not have the capacity of relating them truly.
(Emphasis added.) The State suggests in its supplemental brief that this rule may conflict with RCW 5.60.050. But this rule, like the statute, gives no guidance with regard to the presumption of competency or to which party *573 bears the burden. Under both the rule and statute, anyone who is incapable of receiving just impressions of the facts or relating them truly would not be competent to testify. Cf. 18 U.S.C. § 3509(c)(2) ("A child is presumed to be competent."). We hold that this rule does not conflict with our holding that all witnesses, including a 14-year-old child, are presumed competent to testify.

CONCLUSION
¶ 20 A party challenging the competency of a child witness has the burden of rebutting that presumption with evidence indicating that the child is of unsound mind, intoxicated at the time of his production for examination, incapable of receiving just impressions of the facts, or incapable of relating facts truly. The Allen factors continue to be a guide when competency is challenged. Here, the trial court was satisfied, as are we, that the standard for admissibility was met.
¶ 21 We affirm the Court of Appeals but hold that trial courts should presume, as in this case, that 14-year-old children are competent to testify.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, GERRY L. ALEXANDER, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices.
NOTES
[1] State v. Allen, 70 Wash.2d 690, 692, 424 P.2d 1021 (1967).
[2] RCW 9A.44.060(1)(a) provides:

A person is guilty of rape in the third degree when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator:
(a) Where the victim did not consent as defined in RCW 9A.44.010(7), to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct.
[3] Although the State is not an aggrieved party, we granted review because no Washington case law squarely resolves the issue before us.