IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Parentage of: | ) | No. 31725-1-III |
| J.T.S. | ) | |
| | ) | |
| EVAN BJORN LANI PAVLIC, | ) | |
| OTHER INDIVIDUAL, | ) | |
| Alleged Father, | ) | |
| Appellant, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON and | ) | |
| CRYSTAL SOTO, | ) | |
| Mother, | ) | |
| | ) | |
| Respondents. | ) | |

BROWN, J. – Evan B.L. Pavlic, the father of J.T.S., appeals the trial court's decision to deny his CR 60(b) motion to vacate a child support order entered after a default summary judgment in favor of Crystal Soto, J.T.S.'s mother, and the State of Washington, Department of Social Services, Division of Child Support (Department). Mr. Pavlic mainly contends his mental health condition was an extraordinary circumstance justifying his failure to respond to the summary judgment order for child support and the nearly two years that elapsed before he filed his motion. Because we find no abuse of trial court discretion, we affirm.

FACTS

J.T.S. was born in December 2008. In January 2011, the Department sued to establish paternity, back child support and current child support. Mr. Pavlic answered on January 21, 2011. He admitted paternity. On March 8, 2011, the Department requested summary judgment. Mr. Pavlic received notice of the summary judgment, but threw the documents "because it was too stressful." Clerk's Papers (CP) at 79. He was then involved in Spokane County's Mental Health Therapeutic Court (MHTC) for a domestic violence charge involving Ms. Soto.

Mr. Pavlic failed to respond to the summary judgment proceedings. On April 14, 2011, a court commissioner granted the Department's request and ordered Mr. Pavlic to pay $327 per month as current support for the child, commencing May 1, 2011. The court also entered judgment against Mr. Pavlic in favor of Ms. Soto and/or her assignee, the Department, in the amount of $9,483 for back child support retroactively applied to the date of the child's birth.

On March 20, 2013, 1 year and 11 months after the judgment, Mr. Pavlic requested the court vacate the order under CR 60(b), arguing his mental disabilities prevented him from proceeding with the litigation in 2011. Mr. Pavlic further argued that his neglect was excusable under CR 60(b)(1) stating "as I was consumed with program requirements for mental health court and dealing with my mental health issues." CP at 80. He argued the back child support order was erroneous because he supported the child from birth until Ms. Soto and the child moved out in July 2011.

2

Ms. Soto opposed the motion to vacate, arguing Mr. Pavlic had not demonstrated a basis to vacate the orders and judgments, pointing out the severity of Mr. Pavlic's psychiatric condition falls well short of the standard in CR 60(b)(2) for the vacation of a judgment issued against a person of "unsound mind." CP at 162. Ms. Soto objected to the CR 60 motion as untimely. The Department did not respond.

A superior court commissioner denied Mr. Pavlic's motion to vacate. During the hearing, the commissioner stated, "Under [CR 60(b)(9)], I believe what's being asked is that in some way Mr. Pavlic suffered because of his mental illness from misfortune that could of prevented him from his meaningful involvement. And again, I looked back to the fact that he did have some involvement, he filed his response. He actually also was able to participate in the mental health treatment court. So I'm not finding that he suffered any unavoidable casualty." CP at 168. Regarding the back child support amount, the commissioner found, "I don't find that that's persuasive. It's actually his duty to bring forth any of his own defenses, not mom's duty. It's not up to her to argue that they lived together for a period of time. If Mr. Pavlic wanted the court to consider that it's his obligation to bring those matters to the court. And I don't find that there is really an excuse why this took almost two years for it to come back to court. . . . Nothing prevents Mr. Pavlic from filing a petition to modify based on changed circumstances since these orders were entered in 2011." CP at 169-70.

3

Mr. Pavlic requested revision by a superior court judge. The judge denied his request, ruling "[t]he Court . . . does not find an adequate basis to revise the commissioner's orders." CP at 122. Mr. Pavlic appealed.

ANALYSIS

The issue is whether the trial court erred by denying Mr. Pavlic's motion for revision. Mr. Pavlic contends the court should have revised the commissioner's ruling because he established all necessary factors to support a motion to vacate.

For a ruling on a revision motion, the superior court reviews the commissioner's decision de novo based on the evidence and issues before the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). On appeal, we review the trial court's ruling, not the commissioner's. *In re Marriage of Fairchild*, 148 Wn. App. 828, 831, 207 P.3d 449 (2009). In general, the denial of a CR 60(b) motion to vacate is reviewed for abuse of discretion. *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 821, 225 P.3d 280 (2009). Discretion is abused when the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons. *Id.*

Default judgments are "generally disfavored in Washington based on an overriding policy which prefers that parties resolve their disputes on the merits." *Showalter v. Wild Oats*, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). But courts "also value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court

4

rules." *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). A court "must balance the requirement that each party follow procedural rules with a party's interest in a trial on the merits." *Showalter*, 124 Wn. App. at 510. Review of a CR 60(b) decision is limited to the trial court's decision, not the underlying order that the party seeks to vacate. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). The court's decision will be disturbed solely if it abused its discretion. *Akhavuz v. Moody*, 178 Wn. App. 526, 532, 315 P.3d 572 (2013).

Mr. Pavlic requested to vacate the default order under CR 60(b). The parties agree that when a motion to vacate is sought on these grounds, the moving party must demonstrate (1) there is substantial evidence to support a prima facie defense; (2) the failure to timely appear or respond was occasioned by mistake, inadvertence, surprise, or excusable neglect; (3) the moving party acted with due diligence after notice of the default; and (4) the opposing party will not suffer substantial hardship if the trial court vacates the default. *Topliff v. Chicago Ins. Co.*, 130 Wn. App. 301, 304-08, 122 P.3d 922 (2005) (citing *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968)).

The first two factors are the "primary" factors. *Little*, 160 Wn.2d at 704. When evaluating the first factor, we view the evidence in the light most favorable to the moving party. *Pfaff v. State Farm Mut. Auto. Ins. Co.*, 103 Wn. App. 829, 835, 14 P.3d 837 (2000). If the moving party is able to demonstrate a strong or virtually conclusive defense, courts will generally spend little time inquiring into the reasons for the default. *Akhavuz*, 178 Wn. App. at 533. If, on the other hand, the moving party is unable to

5

show a strong defense, the reasons for default, the timeliness of the motion to vacate, and the prejudice to the opposing party will be more carefully scrutinized. *Akhavuz*, 178 Wn. App. at 533.

Mr. Pavlic partly alleges he presented a strong or virtually conclusive defense of excusable neglect based on mental disability or unsound mind under CR 60(b)(1) and (2).[1] The phrase "unsound mind" is not defined by this rule. It does, however, have a well settled meaning in Washington law. The phrase is used in the witness competency statute, RCW 5.60.050, and the concurrent witness competency rule, CrR 6.12(c). In construing both the statute and rule, our Supreme Court has stated "'unsound mind,' as used here, means total lack of comprehension or the inability to distinguish between right and wrong." *State v. Smith*, 97 Wn.2d 801, 803, 650 P.2d 201 (1982).

The record shows Mr. Pavlic suffers from "severe chronic generalized anxiety disorder, recurrent major depressive disorder of varying severity, subclinical OCD, adult residual ADD inattentive type, borderline personality traits, and alcohol and cannabis abuse of varying activity." CP at 68. But no evidence shows Mr. Pavlic has a total lack of comprehension or the inability to distinguish between right and wrong. Washington courts have held "the statutory term refers to those who are without comprehension at all, not to those whose comprehension is merely limited." *State v. Bishop*, 51 Wn.2d

---

[1] Mr. Pavlic also argues the judgment should have been vacated because the court erroneously ordered back child support for the period the child allegedly lived with him. But, when reviewing a denial of a motion to vacate, we review solely the decision, not the merits of the underlying judgment. *Bjurston v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

884, 885, 322 P.2d 83 (1958). A history of mental disorders, by itself, is not adequate. *Id.*

Moreover, Mr. Pavlic admitted he was aware of the proceedings, he answered the initial petition, but discarded papers relating to summary judgment because it was "too stressful." CP at 79. This is not a strong or virtually conclusive defense to support vacating the judgment. *Akhavuz*, 178 Wn. App. at 533. Lastly, we note Mr. Pavlic's final reliance here on "[a]ny other reason justifying relief" under CR 60(b)(11), but we find no abuse of discretion in not considering his mental condition as a reason to justify granting his motion to vacate the summary judgment order for child support.

The next factor is timeliness. *Topliff*, 130 Wn. App. at 304. A CR 60(b) motion must be brought "within a reasonable time" and for CR 60(b)(1)-(3), "not more than 1 year" after the default order or judgment is entered. This one year time limit is strictly enforced and the trial court may not extend the deadline. *See* CR 60(b). But, "[i]f the party entitled to relief is a minor or a person of unsound mind, the motion shall be made within 1 year after the disability ceases." CR 60(b). Mr. Pavlic's motion to vacate was not timely, being filed 1 year and 11 months after the child support judgment. He argues he suffered from mental unsoundness; however, as reasoned, this is unsupported by the record. Mr. Pavlic's ability to participate in legal proceedings in the MHTC undermines his argument that he was mentally unable to participate in proceedings involving child support.

Without the establishment of the two primary factors to vacate a default judgment, there is no need to reach the secondary factors. *Holm*, 73 Wn.2d at 352. Given our analysis, we reason the commissioner had tenable grounds to deny Mr. Pavlic's motion to vacate judgment as determined by the trial court.

Both parties request attorney fees under RCW 26.26.140. In a parentage action, the court has discretion to award attorney fees to the prevailing party. RCW 26.26.140. This is regardless of the party's ability to pay. *In re Marriage of T.*, 68 Wn. App. 329, 333-34, 842 P.2d 1010 (1993). This appeal; however, relates solely to child support; therefore, RCW 26.26.140 does not apply. *See In re G.W.-F.*, 170 Wn. App. 631, 285 P.3d 208 (2012) (because the father acknowledged paternity of the children, there was no basis for an award of fees under RCW 26.26.140). Thus, both parties' requests are denied.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

8